J. WARREN PEASE, Appellee, *vs.* THE CHICAGO CRAYON
COMPANY, Appellant.

*Opinion filed June 18, 1908—Rehearing denied October 8, 1908.*

1. ATTACHMENT—*shares of stock are subject to levy and sale.*
Shares of stock in a corporation are personal property subject to
levy under a writ of attachment, and when levied upon they may
be sold under any judgment that may be recovered.

2. SAME—*shares of stock cannot be reached by garnishment
against a corporation.* Neither under the Attachment act nor the·
Garnishment act can a corporation be summoned as garnishee to
answer for shares of its stock where the certificate has been issued
and delivered to the stockholder.

3. SAME—*when court is without jurisdiction to render judg-
ment.* In an attachment proceeding based upon an affidavit of non-
residence, if there is no service of process on the defendant nor any
levy of the attachment writ upon any of his property or effects,
the fact that a corporation is summoned as garnishee to answer for
shares of stock issued and delivered to the defendant does not give
the court jurisdiction to render any judgment.

4. PRINCIPAL AND AGENT—*what agreement by agent does not af-
fect title to stock.* The fact that the agent of the vendor of certain
shares of stock in a corporation which has refused to transfer the
stock to the purchaser agrees to withhold the purchase price in
order to protect the purchaser pending the settlement of certain
claims on the stock based upon an alleged sale thereof under at-
tachment does not affect the purchaser's title.

5. PARTIES—*when question of non-joinder of parties will not be
considered.* An objection of non-joinder of parties, not made by
demurrer, plea or answer, will not be considered when raised in a
court of review, where it does not appear that the judgment or de-
cree will have the effect of depriving the omitted parties of their
legal rights.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. CHARLES M. WALKER,
Judge, presiding.

A. D. GASH, for appellant.

WILLIAM E. CLOYES, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 11, 1903, the appellant, Chicago Crayon Company, a corporation with a capital stock of $200,000, divided into shares of $100 each, issued to A. L. Hamell its certificate that he was the owner of fifteen of said shares fully paid and transferable only on the books of the corporation by the holder thereof in person or by attorney, upon surrender of the certificate, properly endorsed. On November 28, 1904, the appellee, J. Warren Pease, purchased said stock from Hamell for $1200, and Hamell, by endorsement on the back of the certificate, assigned the same to appellee, and appointed Daniel W. Scanlan his attorney to transfer to appellee said stock on the books of appellant. Scanlan and appellee applied to appellant to make the transfer of the stock on its books, but appellant refused to make or permit such transfer. Appellee then filed his bill in this case in the circuit court of Cook county to compel appellant to make the transfer and to issue a stock certificate to him. Appellant answered, denying that Hamell was the owner of the stock at the time of the transfer and assignment to appellee, and alleged that on March 1, 1904, four of the shares were levied on by a constable under a writ of attachment issued by a justice of the peace in a suit wherein Abram D. Gash was plaintiff and Hamell was defendant; that said shares were sold to Gash by virtue of an execution and order of sale issued in said attachment proceeding, and a new certificate for the same was issued to Gash and the stock was transferred to him on the books of the corporation; that on May 1, 1904, the other eleven shares were levied upon under a writ of attachment issued out of the county court of Cook county in a suit wherein appellant, for the use of Page V. Lyon, was plaintiff and Hamell was defendant, and that said eleven shares were sold to A. J. Witherell by virtue of an execution and order of sale is-

sued in said cause, and a certificate was issued to Witherell for said shares and they were transferred to him on the books of the corporation. A replication having been filed, the cause was heard and a decree was entered as prayed for in the bill. The Branch Appellate Court for the First District affirmed the decree.

Appellant's refusal to make the transfer on its books rested wholly upon its claim that the title of the stock had passed to Gash and Witherell under the proceedings in the attachment suits. Appellee had no knowledge of the attachment suits until after his purchase of the stock, and his purchase of the same was made in good faith. In the suit brought by Gash before a justice of the peace the ground for the attachment was that Hamell lived at Dallas, Texas, and notice of the pendency of the suit was given by posting three notices in Cook county. The writ of attachment was not levied on the stock or any other property, but the constable made return that he had summoned appellant, as garnishee. Appellant made answer, as garnishee, that it had in its possession four shares of its own capital stock standing in the name of Hamell on its books. Judgment by default was rendered against Hamell for $100 and costs, and the justice ordered the four shares of stock in the hands of the garnishee sold to satisfy the judgment. The stock was sold and was purchased by plaintiff, Gash. The suit of appellant for the use of Lyon was begun in the county court, and the ground for the attachment was that Hamell lived at Los Angeles, California, to which place notice was mailed. There was no service on Hamell and the writ was not levied on any property, but was served on appellant, the nominal plaintiff in the attachment suit, as garnishee. Interrogatories were filed, which appellant answered with the statement that Hamell had eleven shares of the capital stock of appellant. Judgment by default was entered for $745 and costs, and appellant was ordered, as garnishee, to make out and deliver to the sheriff a certificate for the

eleven shares. This was done and the sheriff sold the stock to Witherell.

Shares of the capital stock of a corporation are personal property subject to levy under a writ of attachment, and when levied on they may be sold under any judgment that may be recovered. (*Union Nat. Bank of Chicago* v. *Byram*, 131 Ill. 92.) That course was not taken in either of the attachment suits against Hamell, but the appellant was served in each as garnishee, under the provisions of section 21 of the Attachment act, which provides that when the sheriff or other officer is unable to find property of any defendant sufficient to satisfy the attachment, he shall summon the persons mentioned in the writ as garnishees, and all other persons within his county whom the creditor shall designate as having any property, effects, choses in action or credits in their possession or power belonging to the defendant or who are in anywise indebted to such defendant. The plaintiff can only obtain the benefit of that section by having someone summoned who is indebted to the defendant in the attachment or has in his possession property or effects of such defendant. Neither under the Attachment act nor Garnishment act can a corporation be summoned as a garnishee to answer for shares of its stock where the certificate has been issued and delivered. In such a case the corporation cannot be said either to be indebted to its stockholder or to have in its possession property or effects belonging to him. A corporation might be indebted to a stockholder for dividends, but that question is not involved here. Appellant had issued to Hamell its certificate for shares of stock and did not have in its possession any property or effects belonging to him. Shares of stock issued by a corporation to a stockholder cannot be reached by garnishment proceeding against the corporation. (Cook on Corporations,—5th ed.—491; 2 Wade on Attachments, sec. 408; 14 Am. & Eng. Ency. of Law,—2d ed.—796; 20 Cyc. 990; *Ross* v. *Ross*, 25 Ga. 297.) There was no

service of process on Hamell, no levy of the attachment writ upon property and no service upon any garnishee indebted to him or having property or effects belonging to him, and therefore the court did not acquire jurisdiction either of person or property so as to be able to render any judgment. The proceedings interposed as a defense were void and the court did not err in rendering the decree.

It is argued in this court that the decree is erroneous for the reason that Gash and Witherell were not made parties to the suit. That question was not raised in any manner in the circuit court and appears to be made in this court for the first time. When the objection of non-joinder of a party is not taken by demurrer, plea or answer it will receive little favor from the courts, and to be of avail it must appear that the decree will have the effect of depriving the party omitted of his legal rights. (*Chicago, Madison and Northern Railroad Co.* v. *National Elevator and Dock Co.* 153 Ill. 70.) In this suit the appellant set up the alleged rights of the purchasers of the stock and their claims were fully presented to the court. Neither of said purchasers was deprived of any legal right by the decree, and we decline to consider the question whether they ought to have been made parties or not.

When appellant refused to transfer the stock and set up the claims of Gash and Witherell, Scanlan, the agent of Hamell, at the request of the appellee, agreed to hold the purchase price until the question was settled, and on this ground appellant now claims that the title was not in appellee. It is apparent that the title was not affected by the agreement of Scanlan to protect appellee by not remitting the purchase price until the controversy was ended.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*