(No. 25529.—

JACOB RHODES *et al.* Appellees, *vs.* H. W. DAVIS *et al.* Appellants.

*Opinion filed April 17, 1940—Rehearing denied June 12, 1940.*

Shaw, J., dissenting.

Parker, Bauer & Parker, for appellants.

Jones, Murray & Miller, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Jacob Rhodes and wife brought suit in the circuit court of Fayette county to vacate and set aside two certain mineral deeds made to H. W. Davis as grantee. The complaint consists of three counts, the second of which was abandoned. The first count involved different land than that in the third count, and one Pearl Rhodes was an additional plaintiff with respect to the third count. The appeal in this case involves only the property described in the first count and it is claimed the mineral deed was void because the property was of less value than $1000 and there was no acknowledgment of the release of the homestead. The decree of the court was in favor of the plaintiffs on count one and in favor of the defendants on count three. A freehold is involved which, under the statute, gives us jurisdiction on direct appeal.

A motion has been made by the appellee to dismiss the appeal. The notice of appeal was made in apt time but did not notify Pearl Rhodes who was not interested in the land described in the first count. It also purported to be on behalf of all the defendants. Later, the court permitted the notice of appeal to be amended by naming as appellants H. W. Davis, W. O. Allen, and Leroy Rogers, and designating the other defendants as defendants-appellees. The pleading discloses what was, in fact, two lawsuits combined in one action involving property described in separate leases. Pearl Rhodes was not interested in the result of the appeal affecting the land in count one, and under our holding in *Village of Winnetka* v. *Murphy*, 369 Ill. 455, it was not necessary to serve him with notice of appeal. The notice of appeal was amended by leave of the circuit court, before the record was filed in this court, by eliminating the names of the appellants who elected to abide by the judgment. This was in accordance with rule 33 of this court. (370 Ill. 34.) The motion to dismiss the appeal is denied.

Appellants are claiming under a mineral deed made by Jacob Rhodes and wife to H. W. Davis on September 16, 1936. It is admitted that the premises involved was a homestead occupied by them. The deed contained no release of homestead in the acknowledgment. The issue on this point involved the value of the property and is conflicting. In addition to other evidence of value it was shown that during the year 1937 three tracts in the immediate vicinity sold for $10 an acre or less. The trial occurred in 1939, and while the testimony of the witnesses was directed to the value as of September, 1936, it is apparent that some of the witnesses took into consideration the oil development which occurred after that time. Recent voluntary sales of other land of the same general quality and character in the vicinity are competent evidence to establish value. (*Forest Preserve District* v. *Wing,* 305 Ill. 194; *Forest Preserve District* v. *Dearlove,* 337 id. 555.) From the testimony of witnesses as to the value of the land and recent sales, the circuit court found the value of the land was not to exceed $1000 and that, because of the defective acknowledgment, the mineral deed to H. W. Davis was void. This finding is not against the weight of the evidence.

One of the principal points made by appellants is the claim that the court erred in refusing to allow the appellants to file an amended answer alleging the absence of certain necessary parties defendant. This motion was made after the circuit judge had decided the case. The only allegation contained in the motion is that Frank Buttram and Pearl Jackson owned an undivided interest in the minerals described in the deed to H. W. Davis, that said interest was shown of record and that they acquired their interest through Davis. This motion was not verified nor is it sufficient, of itself, to show that their interest relates to the precise tract of land in controversy. Appellants claim the record of such interest is shown by exhibits to the answer of the Carter Oil Company which does not appeal this case.

One exhibit purports to be a copy of a spacing agreement, and the answer alleges the parties signing it have an interest in the minerals of the Rhodes property through deeds which were based upon the mineral deed to H. W. Davis. This could be true without these parties having any interest in the precise tract, because the well-spacing agreement is no more nor less than a covenant between the owners of the west half of the northwest quarter of the northeast quarter of section 27 with the owners of the east half of the northwest quarter of the northeast quarter of section 27 (owned by Rhodes) to space their wells in a certain manner and to relieve the oil lessee of certain covenants to drill for oil in a specified manner. Davis might be interested in the west half of this 40-acre tract and still not be interested in the tract owned by Rhodes. It does not appear from the record that the original contract executed by Buttram was ever placed of record and it is stipulated it was not offered in evidence.

The Carter Oil Company's answer also alleged that there was an agreement between appellees and certain persons to communitize a certain other oil lease with that of plaintiff Rhodes,—that is, an agreement was made by several parties in interest to divide the money received from the oil in bulk taken from the combined properties. This contract was not offered in evidence. It is difficult to see how this creates an interest in the freehold, as it is a personal covenant to divide the money obtained from the sale of something severed from the land. If the exhibits to the Carter Oil Company's answer be considered a part of the pleading, both the well-spacing contract and the community-lease contract fail to disclose the omitted parties are owners of mineral rights in plaintiffs' land. One relates to the spacing of wells which may apply to either tract and the other to dividing oil after it is produced.

It is not clear in this case that the alleged missing parties signed a complete contract bearing appellees' names or that

such alleged interest appeared of record before the suit was filed. The Civil Practice act (Ill. Rev. Stat. 1939, chap. 110, par. 150) provides: "No action shall be defeated by non-joinder or mis-joinder of parties. New parties may be added and parties mis-joined may be dropped by order of the court, at any stage of the cause, before or after judgment as the ends of justice may require." This would seem to leave a certain amount of discretion in the trial court. In *Chicago, Burlington and Quincy Railroad Co.* v. *Commerce Com.* 364 Ill. 213, we said: "When objection to non-joinder is not made until the final stage of a proceeding it will receive little favor by the courts, and in such case, to be of avail, it must appear that a decree or order will have the effect of depriving the party omitted of its legal rights." In *Culver* v. *Cougle,* 165 Ill. 417, the answer disclosed the defendant set out that he had conveyed part of the property to certain named persons but the complaint failed to make them parties to the suit. It was held that there was nothing to show that the parties had any interest in the litigation and that, in the absence of anything appearing in the record excepting an unverified answer, it was not error to proceed to a final decree without making new parties. In the present case, the defendants did not set up anything in their answers but referred to some allegations in the answer of a defendant against whom relief was not sought. The motion made to reopen the case was wholly insufficient to show any substantial interest of the parties named in the land involved or to give any information where such interest, if existent, might be found. Cases cited by appellants, in most instances, involve situations where the complaint disclosed no right upon the part of the plaintiff to recover, which is an entirely different situation from saying that the plaintiff ought to recover from someone in addition to the defendants named in the suit. In *Schumacher* v. *Klitzing,* 353 Ill. 530, a suit to enjoin a contract made with a city without making the latter a party, was held bad

on demurrer. We do not think the court erred in refusing to allow the motion to reopen the case.

It is also claimed by appellants that appellees were guilty of *laches* in not bringing their suit for over two years. The plaintiffs were in possession of the land and this defense is not available when homestead rights are involved. Appellees were in possession of the land, and, under such circumstances, the law does not compel one who is already in the complete enjoyment of the property he claims, to bring an action to remove clouds or be charged with *laches*. *Sheaff* v. *Spindler,* 339 Ill. 540.

It is also claimed that the execution of the well-spacing agreement and the communitization agreement which waives homestead rights, related back and operated as a release of homestead in the mineral deed to H. W. Davis. No authorities are cited supporting this claim. We do not think it is tenable. The mineral deed, if properly executed, conveyed certain rights in the land. The two agreements above referred to were between the purchasers of oil and the owners of land producing oil. One of them involved the distribution of personal property. The other involved the performance of certain covenants with the lessee or oil producing company. They purport merely to change or modify certain rights contained in the original leases and have no relation to the original conveyance and in our opinion have no effect one way or the other upon a transaction involving the original mineral deed.

Finding no prejudicial error in the record, the decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE SHAW, dissenting.