Patrick E. McCullough, Appellee, v. William A. Schuberth and Joseph F. Dixon and Company, Defendants.
Appeal of Joseph F. Dixon and Company, Appellant.

Gen. No. 44,159.

334

Opinion filed May 26, 1948.   Released for publication June 10, 1948.

IRVING L. BLOCK and SEYMOUR S. CUNNINGHAM, both of Chicago, for appellant.

GILMORE, HENDRICKS & CULLEN, of Chicago, for appellee; MATTHEW J. CULLEN, of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action for attorney's fees. There was a jury trial and verdict and judgment against both defendants for $1,226.75. Motions for new trial, in arrest of judgment, and for judgment notwithstanding the verdict were denied. Defendant Joseph F. Dixon and Company appeals.

The statement of claim alleges substantially that plaintiff, a licensed attorney, conducted his practice in association with A. Raymond Collins and Gerald P. McKenna under the name of Collins, McKenna and McCullough; that Joseph F. Dixon and William A. Schuberth were engaged in the security business and were the owners of certain securities consisting of liquidating trust certificates covering interests in various buildings; that defendants engaged the plaintiff to procure a fair and just accounting of the assets belonging to the liquidating trust in order to enhance the value of the securities, for which services the defendants agreed to pay plaintiff a sum equal to 25 per cent of the difference between the cost of the certificates, including expenses, and the sum of money received by way of dividends or final disposition.

The complaint further alleges that pursuant to the contract plaintiff rendered legal services, including the preparation and trial of a suit in the superior court testing certain actions of the trustee; that he advanced the sum of $154.50; that defendants expended $1,500 in the purchase of the certificates and incurred expenses of $1,098.65; that defendants received the sum of $7,505.65, resulting in a profit of $4,907.25, of which sum plaintiff claims 25 per cent, amounting to $1,225.75, and reimbursement for moneys advanced in the sum of $154.50.

Defendant Schuberth filed a defense admitting that defendant Joseph F. Dixon retained the plaintiff and

agreed to pay him a contingent fee, and avers that defendant Joseph F. Dixon owned one-half interest in the liquidating trust certificates in question.

In his defense Joseph F. Dixon avers that the liquidating trust certificates here involved were purchased by him as president of and acting for the Joseph F. Dixon Company, a corporation, hereinafter called "the corporation"; that he engaged the plaintiff to represent the company and not him personally. Afterwards, on leave of court, plaintiff amended his statement of claim on its face making the corporation an additional party defendant.

The corporation filed a defense denying that Joseph F. Dixon individually or Schuberth were the owners of the liquidating trust certificates, and denying the allegations of the statement of claim as to terms of employment.

Defendant corporation maintains that plaintiff seeks to recover upon a joint contract with three named defendants, and that since the evidence tends to establish liability as to only two of them, namely defendant corporation and Schuberth, plaintiff cannot recover.

At the close of the plaintiff's case defendants Joseph F. Dixon and the corporation made a motion for a directed verdict, which was denied. Defendant says that the trial judge ruled in plaintiff's favor on this motion at that time because of plaintiff's representation that he was proceeding upon the theory of a joint contract. Plaintiff was not required to elect the theory upon which to proceed. Nor are the grounds upon which the trial judge based his ruling material.

The defendant relies on *Wisner v. Catherwood*, 225 Ill. App. 471 and other cases which adhere to the rule that in an action on a joint and several obligation executed by two or more persons, one or all of the obligors, but not an intermediate number, may be sued. The *Wisner* case and others relied on by the defendant were decided before the adoption of the present Civil

Practice Act. Section 24 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 148; Jones Ill. Stats. Ann. 104.024] provides that any person may be made a defendant who, either jointly, severally, or in the alternative is alleged to have or claim an interest in the controversy. We think the legislature clearly intended to abolish the old technical common-law rule as announced in the *Wisner* case upon which the defendant relies. (*First Nat. Bank of Danville v. Taylor,* 329 Ill. App. 49.)

■ The record shows that on January 23, 1947 the jury returned its verdict finding the issues against defendant Schuberth and the corporation; that on March 14, 1947, plaintiff was given leave to amend his pleadings to conform to the proof. On March 21, 1947, on plaintiff's motion, the cause was dismissed as to Joseph F. Dixon, and in the same order it was provided "that the above order be entered *nunc pro tunc* as of January 22, 1947," before the cause was submitted to the jury. Defendant urges that plaintiff's verbal motion does not specify in what manner the proof varied from the pleadings, and that it was made after judgment. It appears from the statement of claim that the name of Joseph F. Dixon was stricken wherever it appeared, and the name of the corporation written in as a party defendant. Whether this was done before or after the judgment was entered is immaterial. Paragraph 170 of the Civil Practice Act, Ill. Rev. Stats. 1945, ch. 110 [Jones Ill. Stats. Ann. 104.046, subpar. (3)], provides: "Section 46(3). A pleading may be amended at any time before or after judgment to conform the pleadings to the proofs, upon such terms as to costs and continuance as may be just."

■ ■ Defendant insists that plaintiff is guilty of nonjoinder, since the other members of the firm, Collins and McKenna, were not joined as parties plaintiff. So far as the evidence shows that plaintiff is the only person who negotiated with Dixon, president of the

corporation with respect to his employment. The question of nonjoinder was first raised by defendant after judgment in his motion for new trial and arrest of judgment. Defendant knew of this alleged defect from the very inception of the suit, but made no objection until after judgment was entered. We think it comes too late. The rule is well established that where objection to nonjoinder is not made until the final stage of the proceedings it will receive little favor by the courts, and in such case to be of avail it must appear that the decree or order will have the effect of depriving the party omitted of some material rights without a hearing. (*Boddiker v. McPartlin,* 379 Ill. 567.)

Finally defendant contends that the verdict of the jury is against the manifest weight of the evidence.

Plaintiff testified that on July 11, 1940, Joseph F. Dixon and defendant Schuberth came to his office; that Dixon stated that he and Schuberth had purchased some beneficial interests in several trusts; that Dixon said he and Schuberth would agree to give plaintiff one-fourth of the difference between what the securities cost them and the expenses that they might be put to in asserting their rights in the matter, and the amount they actually received from the final disposition of the securities. That afterwards the certificates of beneficial interest in question were brought to plaintiff's office by defendant Schuberth, and given by him to plaintiff; that plaintiff indorsed them and thereupon delivered them to defendant Schuberth; that during the time the certificates were in plaintiff's name he received in excess of $2,058 which he turned over to the defendants; that he examined the accountings filed by the trustee, one Frank; that he examined the trust agreements of each trust and the files in the clerk's office; and that at the request of Joseph F. Dixon he filed an intervening petition in a certain suit then pending, and performed other services.

Defendant Schuberth corroborated the testimony of plaintiff. The testimony of Joseph F. Dixon, who was defendant corporation's sole witness, was diametrically opposed to the testimony of plaintiff and defendant Schuberth.

On the record before us we cannot say that the verdict is against the manifest weight of the evidence. The trial court and jury who heard and saw the witnesses were in a better position than this court to determine the weight of the testimony and the credibility of the witnesses.

For the reasons assigned, the judgment is affirmed.

*Judgment affirmed.*

KILEY and BURKE, JJ., concur.