James S. Zieler, Plaintiff-Appellee, *v.* The Village of Oak Lawn *et al.*, Defendants-Appellants.

(No. 59321;

First District (5th Division)—October 11, 1974.

Ralph L. Rehnquist, Kozlowski & Smith, and Peterson, Ross, Rall, Barber & Seidel, all of Chicago (Ralph L. Rehnquist, Joseph J. Kozlowski,

John A, Smith, Elroy C. Sandquist, Jr., and John W. McCullough, of counsel), for appellants.

George D. Hanus, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendants Village of Oak Lawn and Oak Lawn Police and Fire Commission appeal from that portion of a judgment ordering the issuance of a writ of mandamus directing them to permit plaintiff to take a police sergeants' qualifying examination. They contend that: (1) new parties and issues cannot be introduced 5 years after a final judgment has been rendered and satisfied, and (2) a police officer must meet the same standards to take promotional examinations as for original appointment.

Defendant Oak Lawn Police Pension Fund appeals from those portions of the same judgment which direct it to permit plaintiff to become a police-pension-fund member and to participate in pension-fund elections. It contends that: (1) the trial court lacked subject matter jurisdiction, (2) the action was barred by laches, (3) barring plaintiff's participation in the fund was correct, and (4) prohibiting plaintiff's participation in pension fund elections was correct.

The following facts are pertinent to this appeal.

On November 30, 1966, plaintiff filed a petition for a writ of mandamus alleging that the Oak Lawn Police and Fire Commission had authorized his appointment as an Oak Lawn probationary police officer despite the fact that his left foot had been amputated below the ankle, but that the Village of Oak Lawn had refused to permit him to undertake his duties. The Police and Fire Commission and the Pension Board were not parties to this action.

On March 23, 1967, the court ordered that a writ of mandamus be issued against the Village of Oak Lawn, the village trustees, the village manager, the village clerk, the village finance director, and the chief of police commanding them to do the following:

"A. To forthwith place the name of the plaintiff herein, JAMES S. ZIELER, upon the official payroll of the Village of Oak Lawn as a probationary patrolman.

B. To immediately thereafter assign the plaintiff to such regular duties as are legally assigned to probationary police officers of the Village of Oak Lawn.

C. To permit the plaintiff to embark upon his duties as a probationary police officer of the Village of Oak Lawn without interference or prejudice on the part of all or any of the defendants named herein.

D. To pay to the plaintiff, JAMES S. ZIELER, the established salary, in such an amount and at such times as shall be fixed by ordinances of the Village of Oak Lawn in such cases made and provided."

This order conformed fully with plaintiff's prayers for relief.

No further action was taken in the case until March 29, 1972, when plaintiff filed a notice directed to the Village of Oak Lawn, its trustees, its chief of police, the Oak Lawn Fire and Police Commission and its commissioners, and the Oak Lawn Pension Fund and its trustees. The notice informed those parties of plaintiff's intent to file a petition for a rule to show cause why they should not be held in contempt of court for failing to comply with the court's order of March 23, 1967. The petition was filed and a rule to show cause was entered.

Prior to any court hearing on the rule to show cause, the Oak Lawn Pension Fund and its trustees and the Oak Lawn Fire and Police Commission and its commissioners filed their special and limited appearances contesting the court's jurisdiction. On May 9, 1972, on plaintiff's motion and over defendants' objections, the court ordered that these defendants be joined in the case.

Plaintiff then filed a petition for writ of mandamus alleging: (1) that the Police and Fire Commission had improperly refused to permit plaintiff to take the sergeants' examination, and (2) that the Police Pension Fund had improperly refused to permit him to vote in the elections of or to be a candidate for trustee of the pension fund. Plaintiff's petition prayed that the court enter a writ of mandamus requiring the defendants to:

"1) Place the Plaintiff on the rolls of the Oak Lawn Pension Fund, nunc proc tunc, March 23, 1967;

2) Allow the Plaintiff to immediately take a sergeant's qualifying examination;

3) Void the most recent election of the Oak Lawn Police Pension Board and immediately hold another election in which the Plaintiff can both vote and run for office.

4) To permit the plaintiff to embark upon his duties as a patrolman of the Village of Oak Lawn without interference or prejudice."

Following an evidentiary hearing on the petition for a writ of mandamus, an order authorizing the issuance of the writ was entered commanding the following:

"A) To permit the plaintiff, JAMES S. ZIELER, to take the next regularly scheduled promotional examination given for the rank of sergeant.

B) To place the name of the plaintiff herein, JAMES S. ZIELER, upon the official rolls of the Oak Lawn Police Pension Fund.

C) To permit the plaintiff, JAMES S. ZIELER, to participate in Pension Fund elections as any other Pension Fund member.

D) To permit the plaintiff, JAMES S. ZIELER, to continue his duties as an Oak Lawn Police Officer and embark as a Pension Fund member without interference or prejudice on the part of all or any of the defendants named herein.

E) To pay to plaintiff $169.84 in court costs."

Defendants appeal from this order.

## Opinion

The Village of Oak Lawn and the Oak Lawn Police and Fire Commission first contend that new parties and issues cannot be introduced 5 years after a final judgment has been rendered and satisfied. Defendants point out that neither the Police Commission nor the Pension Fund were parties to the original mandamus proceedings; that the original mandamus had nothing whatever to do with sergeants' examinations or pension fund elections; that the March 23, 1967, judgment had been satisfied; and that 5 years had elapsed since any action had been taken in the case.

Plaintiff offers three theories to justify his course of action. He argues: (1) that the March 23, 1967, order was continuing; (2) that new parties may be added after judgment as permitted by section 26 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 26); and (3) that no injury resulted by proceeding in such a manner.

■■ Plaintiff initially argues that the March 23, 1967, order imposed on all the defendants a continuing obligation not to discriminate against him. However, the terms of that order do not support his position. First, the order was limited to the employment of plaintiff as a *probationary* police officer; nothing in its terms indicate that it extends beyond that probationary period. Moreover, the order fully conformed with plaintiff's original prayers for relief. When plaintiff's probationary period ended, the terms of the judgment against the Village of Oak Lawn were satisfied. Second, the order did not apply to the Police Commission or to the Pension Board; those bodies were not even parties to the original proceedings. Clearly, the order of March 23, 1967, was not a continuing order.

■■ Plaintiff next argues that section 26 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 26) permits new parties to be added after judgment. A portion of section 26 does include the following provision:

"New parties may be added ＊ ＊ ＊ by order of court, at any stage of the cause, before or *after* judgment, as the ends of justice

may require and on terms which the court may fix." (Emphasis added.)

This sentence which plaintiff relies on, does permit parties to be joined even after judgment, but it must be read in conjunction with the preceding sentence to this section, which states:

> "No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of *necessary* parties without first affording reasonable opportunity to add them as parties." (Emphasis added.)

It, therefore, becomes apparent that this section does not apply to any parties being added, but only necessary parties. Nor was this provision intended as a means to re-open and extend judgments long after they have been satisfied; where the ends of justice require that parties be joined after judgment those parties must have been necessary parties to the original action with a direct interest in the subject matter of the law suit. Otherwise, there would be no finality in judgments.

■■ Here, the new parties plaintiff seeks to join after judgment had no direct interest in the subject matter of the original mandamus proceeding. Plaintiff's original mandamus action sought to require the Village of Oak Lawn to comply with a decision of the Oak Lawn Police and Fire Commission to hire him as a probationary police officer. When the March 23, 1967, order issued, plaintiff was hired as a probationary police officer; and when plaintiff's probationary period ended, the judgment was satisfied. Now, years later, plaintiff seeks to join new parties in the same cause, but the relief he seeks from them does not relate to hiring or to his duties as a probationary police officer. The relief plaintiff seeks against the Police Commission and the Pension Board relates to his participation in the pension fund and to his eligibility for the sergeants' examination. Clearly, these are matters separate and distinct from plaintiff's original cause of action. Section 26 does not permit a party to change the nature of the original proceeding. Section 26 is inapplicable in the instant case.

■■ Plaintiff finally argues that no injury resulted from proceeding in this manner since the Police Commission and Pension Board were served with process and the matter proceeded anew against them with all the safeguards of a new proceeding. However, plaintiff ignores the fact that the effect of his method of proceeding was to circumvent the Administrative Review Act. (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) As plaintiff's prayers for relief in his most recent petition indicate, he is seeking to become a pension fund member and to participate in pension fund elections and he is seeking to take a sergeants' examination. The Pension Board and the Police Commission are authorized to

make decisions regarding such matters and the statutes creating these boards clearly indicate that the Administrative Review Act is applicable. (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—17; Ill. Rev. Stat. 1971, ch. 108½, par. 3—148.) The Administrative Review Act is intended to be the exclusive remedy in such situations. (Ill. Rev. Stat. 1971, ch. 110, par. 265.) Here, plaintiff's recourse was under that Act.

We need not reach defendants' other contentions. The judgment of the circuit court of Cook County is reversed.

Reversed.

SULLIVAN, P. J., and DRUCKER, J., concur.