ROBERT BURT *et al.*, Plaintiffs-Appellants, v. BOARD OF EDUCATION OF COAL CITY COMMUNITY UNIT SCHOOL DISTRICT NO. 1, GRUNDY COUNTY, Defendant-Appellee.

Third District   No. 3—84—0677

Opinion filed April 12, 1985.

Paul E. Root and Roger B. Gomien, both of Gomien and Root, of Morris, for appellants.

Bradley W. Hayes, of Dunn, Hayes & Condon, and Robert H. Adcock and Gary A. Dobbs, both of Adcock & Dobbs, both of Morris, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

This case comes on an interlocutory appeal from Grundy County. The basis of the appeal is the trial court's granting of a motion to vacate which dissolved an injunction.

The defendant board of education (hereinafter board) sought competitive bids on the district's bus transportation contract on March 21, 1984. It is required to do so under section 10—20.21 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 10—20.21). The contract was to run from August 20, 1984, to June 30, 1987. The submitted sealed bids were publicly opened on May 14. Members of the board, as well

as representatives of the various bidders, were present. Plaintiff Kline's bus company's (hereinafter Kline's) bid was lowest. However, the board adopted a resolution at such meeting awarding the contract to Broadway Garage (hereinafter Broadway).

Kline's filed the instant action on June 1, seeking injunctive relief to prevent the board from entering into the contract with Broadway, and a writ of *mandamus* requiring the board to award the transportation contract to Kline's. A temporary restraining order issued that day. However, service of the order was not had until June 4, and in the interim, the board and Broadway entered into a contract on June 1. The temporary restraining order was extended, ordering the board to not perform under the June 1 contract until final resolution of the case.

On August 2, 3, 6 and 7, the trial court held a hearing on the merits. At the conclusion, it found that Kline's was the lowest responsible bidder and was entitled to the relief requested. Subsequently, on August 9, the court ordered the board enjoined from performing under the June 1 contract with Broadway during the term in question. A writ of *mandamus* issued ordering the board to award the transportation contract to Kline's. On August 14, the board awarded the contract to Kline's, executing it that day.

On August 24, Broadway filed a $1 million breach of contract action against the board. Subsequently, the board moved to vacate this trial court's orders granting relief to Kline's. In substance, the motion stated that Broadway was a necessary, indispensable party that should have been joined. That motion was granted, and Broadway's suit was consolidated with this one. By virtue of the effect on the injunction, Kline's exercised its statutory right to an interlocutory appeal under Supreme Court Rule 307 (87 Ill. 2d R. 307).

■ The first issue to be discussed on appeal is whether Broadway is an indispensable party whose presence below was necessary. The law defining necessary parties in this State is well settled. *Consolidated Cable Utilities, Inc. v. City of Aurora* (1982), 108 Ill. App. 3d 1035, 1039, 439 N.E.2d 1272, presents the correct definition of "necessary parties."

> " 'A necessary party is one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his absence [citations]; (2) to reach a decision which will protect the interests of those who are before the court [citations]; or (3) to enable the court to make a complete determination of the con-

troversy [citation].' *Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620, 623, 387 N.E.2d 946, 949.''

It is clear, given this analysis, that Broadway is a necessary and indispensable party. Broadway falls within any of the three categories set forth above. The action brought by Kline's was to determine the validity of the board's actions. Kline's claimed it was the lowest responsible bidder, and by law, it should have been awarded the contract. Broadway was awarded the contract and had all the benefits and rights under it. Though action by the board under the contract was restrained, the contract was presumed valid until declared otherwise. The award of a contract to a bidder will not normally be interfered with unless there is a showing of manifest injustice or palpable abuse of discretion. (*Cardinal Glass Co. v. Board of Education* (1983), 113 Ill. App. 3d 442, 447 N.E.2d 546.) Broadway's interest was in a $297,000 contract. If a court held that the board could not go forward with the contract with Broadway, its rights would certainly be materially affected.

Broadway's presence would also protect the interests of the board before the trial court. After the relief was granted below, Broadway filed suit. Inclusion of Broadway in the present case would help the board protect its own interests. It would also prevent issues from being relitigated. Although not at issue here, the trial court wisely consolidated the two actions below. Broadway's inclusion would also lead to a final determination of the validity of the June 1 contract, an important point in both actions. The one thing an overburdened court system does not need is two actions consecutively arguing the same issues. For the reasons just stated, the inclusion of Broadway would also enable the lower court to make a complete determination of the controversy at hand.

■ Having just concluded that Broadway is an indispensable party, we must now determine whether the action of the trial court, when it vacated the order granting relief, was proper. The basis for the court's action was that Broadway was not joined. The relevant statute concerning nonjoinder of parties is in the Code of Civil Procedure, section 2—407, which states in pertinent part, "New parties may be added *** at any stage, before or after judgment, as the ends of justice require and on the terms which the court may fix." (Ill. Rev. Stat. 1983, ch. 110, par. 2—407.) Thus, there is no waiver of the claim of a failure to join an indispensable party. Nor is it fatal to a complaint in a motion to dismiss. *Cf.* Fed. R. Civ. P. 12(b)(7).

Case law supports this findings. Failure to join a necessary party is not fatal in all instances. (*Williams v. Madison Country Mutual In-*

*surance Co.* (1968), 40 Ill. 2d 404, 240 N.E.2d 602.) Objection can be made at hearing or on appeal, and the court will take note of the omission and require inclusion even though no objection is made by a party litigant. (*Hobbs v. Pinnell* (1959), 17 Ill. 2d 535, 162 N.E.2d 361.) Objections to nonjoinder that are not made at trial must show that the decree will have the effect of depriving the party omitted of his legal rights. (*Pease v. Chicago Crayon* (1908), 235 Ill. 391, 85 N.E. 619.) Where objection to nonjoinder of parties is not made until the final stage of a proceeding, it will receive little favor, and in such case, to be of avail, it must appear that decree or order will have the effect of depriving the party omitted of some material right without a hearing. (*McCullough v. Schuberth* (1948), 334 Ill. App. 333, 79 N.E.2d 754; see also *Boddiker v. McPartlin* (1942), 379 Ill. 567, 41 N.E.2d 756; *Chicago, Burlington & Quincy R.R. Co. v. Commerce Commission ex rel. Brotherhood of Railroad Trainmen* (1936), 364 Ill. 213, 4 N.E.2d 96.) However, as the statute points out, consideration of objections is within the sound discretion of the court hearing the matter. "This paragraph leaves a certain amount of discretion in the trial court." (*Rhodes v. Davis* (1940), 374 Ill. 65, 28 N.E.2d 113; see also *Zieler v. Village of Oak Lawn* (1974), 23 Ill. App. 3d 752, 320 N.E.2d 86.) This is the well-settled law in Illinois and continues to be viable. The transformation from the Civil Practice Act to the Code of Civil Procedure produced no changes in the statute. Ill. Ann. Stat., ch. 110, par. 2—407, Historical & Practice Notes, at 445 (Smith-Hurd 1983).

Yet, equally well settled is the principle that no error occurs when the interests of a necessary party omitted from the case are adequately represented by another who appears. The absent party must receive actual and efficient protection. (*Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.) Kline's, in various ways, tries to make identical the interests of the board and Broadway. This court will not speculate on the effect that marriages of relations and employment of spouses will have on the considerations of a small-town school board and its long-time supplier of transportation. This court also will not say that such relationships, as alleged by plaintiffs, constitute sufficient representation in a court of law. Neither does the fact that the owners of Broadway testified for the board under the subpoena. Plaintiffs allude to the fact that the board's lawyers "prepped" Broadway's owners as probative of the question of whether there was a common interest. Under these circumstances, it would be surprising to do otherwise.

Given the lawsuit by Broadway, the board and Broadway now

seem as at odds as Kline's and Broadway. The board cannot adequately protect Broadway's interests without placing its own in jeopardy. The case cited by plaintiffs in support of their allegation of common representation is easily distinguishable. *Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382, concerned a real estate action where the absent mortgagee was held to have had the same interests as the representative mortgagor. Kline's attempt to place the board and Broadway in bed together is hardly applicable here.

■ The final argument is that the board is estopped from raising its objection after it had voluntarily satisfied and accepted the judgment. This logic is questionable at best. The board had to satisfy the court orders. Failure to do so could have resulted in contempt proceedings. Further, the board had a statutory compulsion to conform to the court orders. The board is required to provide busing under the School Code. (Ill. Rev. Stat. 1983, ch. 122, par. 29—3.) Thus, the board was caught on the horns of a dilemma. It had to obey the orders or be in contempt of court and in violation of the School Code. In this situation, equity would not require that the board be estopped.

Therefore, this court holds that the actions of the trial court were entirely proper. Broadway Garage is a necessary and indispensable party. It was well within the court's sound discretion to vacate the judgment upon the board's timely motion. The case will be affirmed. A full hearing on all issues should be held with Broadway aligned as the court sees fit. Therefore, the case will be remanded for such further proceedings not inconsistent with this opinion and the views expressed herein.

Affirmed and remanded.

BARRY and SCOTT, JJ., concur,