For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and LINN, J., concur.

*In re* APPLICATION OF COUNTY COLLECTOR.—(ST. JAMES DORMITORY, INC., Plaintiff-Appellant, *v.* SITE, INC., *et al.*, Defendants-Appellees.)

Fifth District No. 76-278

Opinion filed September 6, 1977.—Rehearing denied October 13, 1977.

JONES, J., dissenting.

Howard T. Savage and Patricia Unsinn, both of Chicago, for appellant.

Allan L. Blair, of Chicago, and Earl S. Hendricks, Jr., of Murphysboro, for appellees.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

In October 1968, the 1967 tax judgment, forfeiture and redemption record was filed in the Circuit Court of Jackson County, Illinois, and an order was entered directing the sale of all lands and lots returned delinquent for nonpayment of taxes for the year 1967, including the property involved in this case.

On October 14, 1968, the subject property was sold to Tax Security Corporation. Thereafter, on January 12, 1972, the Circuit Court of Jackson County entered an order which found that all notices required by law had been given, and that the petitioner had complied with all provisions of law entitling it to a tax deed for the parcel of real estate.

By mesne conveyances, the property in question was conveyed to respondents-appellees, George Holthusen and Shirley Holthusen.

Thereafter, appellant filed a chancery suit to set aside respondents' title. Summary judgment in that suit was entered in favor of respondents.

On June 2, 1975, a petition to set aside a tax deed which had issued January 12, 1972, was filed by St. James Dormitory, Inc., pursuant to section 72 of the Civil Practice Act on the ground that the tax deed was void as having been procured by fraud and without notice to petitioner. Respondents-appellees filed a motion to dismiss the section 72 petition on September 22, 1975, on the ground that the petition was not timely filed, that the present holders of the tax deed were bona fide purchasers, and that the petition failed to state a claim upon which relief could be granted. On October 10, 1975, Warren St. James as an individual filed a petition for leave to intervene and also a pleading titled "Nature of Action" declaring that his interest in the controversy was due to the fact that he was

personally liable as guarantor on the mortgage note ($24,000) which was secured by the property now held by respondents.

On October 16, 1975, the Circuit Court of Jackson County held a hearing which consisted of arguments of counsel on the section 72 petition and respondents' motions to strike and dismiss. At that time the matter was taken under advisement. There is no indication in the record that the court ever considered St. James' petition and accompanying pleading to intervene at this time or any other time.

On May 25, 1976, the court entered its order sustaining respondent's motion to strike and dismiss the petition and ordered appellant's section 72 petition be dismissed solely as to respondents. The court failed at this time to indicate the disposition of Mr. St. James' petition to intervene. The order dismissing the section 72 petition without a hearing forms the basis of this appeal.

■■ The record is totally silent with respect to Mr. St. James' petition to intervene. The hearing, the order and all the proceedings below focused solely on the section 72 petition. Apparently, Mr. St. James was left standing on the sidelines while the court proceeded to dispose of a matter in which he had a very substantial interest. Mr. St. James had been denied his day in court on this matter. The court has ruled on this matter without the benefit of all of the facts which Mr. St. James may bring to bear on the issues before the court. For these reasons and in the interests of justice and compliance with minimal due process, the order dismissing the section 72 petition should be reversed and an order entered allowing Mr. St. James' petition to intervene.

The rules governing intervention are contained in section 26.1(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1(1)), which provides in pertinent part:

"Upon timely application anyone shall be permitted *as of right to intervene* in an action * * * (c) when the applicant is so situated as to be *adversely affected* by a distribution or other *disposition of property* in the custody or subject to the control or disposition of the court or an officer thereof.

* * *

(6) *An intervenor shall have all the rights of an original party* * * *." (Emphasis added.)

It seems quite apparent that Mr. St. James, as guarantor of a mortgage on the subject property in the amount of $24,000, was entitled to intervene in the section 72 action. Mr. St. James is adversely affected by a disposition of property subject to the control of the court. All the prerequisites of the statute being met, Mr. St. James should have been permitted *as of right* to intervene in the section 72 action.

■■ The fact that the action was dismissed as to the named plaintiff does not prejudice the rights of Mr. St. James as intervenor. As was stated in the case of *Gage v. Cameron*, 212 Ill. 146, 171-72, 72 N.E. 204 (1904):

"An intervenor has the right to claim the benefit of the original suit and to prosecute it to judgment. Such right cannot be defeated by the dismissal of the suit by the plaintiffs after the filing of the petition and notice thereof to such plaintiffs.' (11 Ency. of Pl. & Pr. p. 509). In *Shannahan v. Stevens*, 139 Ill. 428, we held that a person interested in the subject matter of a bill, who is a necessary party, has the right, on his motion, to intervene and become a party to the suit, even after the bill has been dismissed * * *."

This principle was recognized and supported in the case of *Seil v. Board of Supervisors of Will County*, 93 Ill. App. 2d 1, 234 N.E.2d 826 (1968), wherein the court held that the simple fact that the trial court dismissed the plaintiffs' action does not require dismissal of the action of the intervenors. In interpreting the *Gage* case, the court stated:

"In the Gage case, the court indicated that an intervenor has the right to claim the benefit of the original suit and to prosecute it to judgment. The right cannot be defeated by dismissal of the suit by the plaintiff after the filing of the petition and notice thereof to other parties. A person who has an interest in the subject matter of the action who is a necessary party has the right, on his own motion, to intervene and become a party to the suit, and, even after the complaint has been dismissed, may proceed to have any actual controversy established by the pleadings determined in such action. The intervenors may oppose both parties in such action (*Strader v. Board of Education of Community Unit School Dist. No. 1 of Coles County, Ill.*, 351 Ill. App. 438, 115 N.E.2d 539). Such intervenor may also have the rights to the original party (1965 Ill. Rev. Stats., ch. 110, §26)." 93 Ill. App. 2d 1, 8.

Because Mr. St. James was a necessary party in the action below, it was error for the court to proceed to a hearing without jurisdiction of one of the necessary parties. All persons having any substantial legal or beneficial interest in the subject matter of the litigation must ordinarily be joined as parties. *Robinette v. Dept. of Public Works & Buildings*, 2 Ill. App. 3d 438 (1971); *Fox Lake Hills Property Owners Association v. Fox Lake Hills, Inc.*, 120 Ill. App. 2d 139, 144, 145 (1970).

To be a necessary party, the individual involved must have a present substantial interest in the controverted matter. (*Stavros v. Karkomi*, 39 Ill. App. 3d 113, 123 (1976).) It is clear that Mr. St. James has a substantial interest in the controverted matter in that he is guarantor for the $24,000 mortgage on the property subject to this proceeding. This represents a

*direct interest* in the suit on the part of Mr. St. James as opposed to a general interest in the subject matter of the suit. *United Steelworkers of America v. Bailey*, 29 Ill. App. 3d 392, 393, 329 N.E.2d 867 (1975).

■■ Even though the question of a ruling on the petition to intervene was not mentioned in the "Issues Presented for Review" in appellants' brief, the motion to intervene and the pleadings "Nature of Action" and "Facts" and "Complaint" filed by the intervenor are constantly alluded to in the briefs and argument. The requirement of "joinder" of necessary parties thus appears absolute and inflexible. It applies to trial courts as well as appellate courts. (*Georgeoff v. Spender*, 400 Ill. 300, 79 N.E.2d 596 (1948).) The court in *Glickauf v. Moss*, 23 Ill. App. 3d 679, 320 N.E.2d 132, (1974), stated that, "it is the duty of trial and reviewing courts to enforce this principle of law sua sponte as soon as it is brought to their attention. It has been repeatedly held that it is error for a court to proceed to hearing and disposition on the merits of a cause without jurisdiction of necessary parties."

Having established Mr. St. James' status as a necessary party with the right to intervene in the action below, it follows that failure of the court to recognize Mr. St. James as a necessary party and allow him to participate is tantamount to a deprivation of property without due process of law. As was pointed out by the court in the case of *Clark v. Village of Milan*, 3 Ill. App. 3d 569, 572 (1972):

> "Basic notions of due process forbid the entry of a decree affecting the interest of a party not before the Court. It is from this notion of fairness that the doctrine of necessary parties arises. Illinois, like many states, uses the term 'necessary' to define that group of parties regarded as indispensible and who must be joined. The omission of parties will not readily be permitted where no reason exists for not making them parties in their own proper person."

The court below has not attempted to justify its failure to join or allow Mr. St. James to intervene. Furthermore, there doesn't appear to be any reason to deny Mr. St. James leave to intervene in this action because he is an indispensable party. As the court pointed out in the case of *Safeway Insurance Co. v. Harvey*, 36 Ill. App. 3d 388, 392, 343 N.E.2d 679:

> "* * * it has been repeatedly held that it is error for a court to proceed to a hearing and disposition on the merits of a cause without jurisdiction of indispensable parties. (*Glickauf v. Moss*, 23 Ill. App. 3d 679, 683, 320 N.E.2d 132.) The *legal effect of a judgment rendered without jurisdiction over an indispensable party is that the order is null and void.*" (Emphasis added.)

Based upon the foregoing, it is apparent that the court below erred in dismissing the section 72 filed by the appellant without allowing the

petition to intervene filed by Mr. St. James. There are sufficient facts in the "Nature of Action" which was filed along with the petition for leave to intervene to entitle the intervenor, Mr. St. James, to have a hearing on his allegations after the intervention has been allowed.

The cause is remanded to the Circuit Court of Jackson County for a hearing not inconsistent with the views expressed in this opinion.

Judgment reversed and remanded.

G. J. MORAN, J., concurs.

Mr. JUSTICE JONES, dissenting:

I respectfully dissent. The rule requiring joinder of indispensable parties is not applied when a party, though not before the court in person, is so represented by others that his interest received actual and efficient protection. (*Mortimore v. Bashore* (1925), 317 Ill. 535, 148 N.E. 317; *Cales v. Dressler* (1924), 315 Ill. 142, 146 N.E. 162; *Cody Trust Co. v. Hotel Clayton Co.* (2d Dist. 1937), 293 Ill. App. 1, 12 N.E.2d 32; *Glickauf v. Moss* (1st Dist. 1974), 23 Ill. App. 3d 679, 320 N.E.2d 132; *Boghosian v. Mid-City National Bank of Chicago* (1st Dist. 1960), 25 Ill. App. 2d 455, 167 N.E.2d 442.) This so-called "doctrine of representation" applies where persons are before the court who have the same interests, and will be equally certain to bring them forward and protect them, as those of persons not before the court. *Mortimore v. Bashore.*

Warren St. James is the president of St. James Dormitory, Inc., and, as it appears from the record, is the officer in charge of operations of that company. Everything in this case done by St. James Dormitory was done by him as its president. Accordingly, I believe the doctrine of representation should apply in this instance and the case proceed without him as a party in his individual capacity.