STEPHEN D. RUBIN *et al.*, Plaintiffs-Appellees, *v.* RONALD L. BOORSTEIN, Defendant-Appellee.—(GUARANTY FIDELITY, INC., Intervening Petitioner-Appellant.)

First District (5th Division)   No. 78-880

Opinion filed June 22, 1979.

Burke & Burke, Ltd., of Chicago (John M. Burke, of counsel), for appellant.

Laser, Schostok, Kolman & Frank, of Chicago (Richard G. Schoenstadt, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Intervening petitioner (Guaranty) appeals from an order denying its motion to vacate a default judgment entered in favor of plaintiffs (Rubin and Weis) against defendant (Boorstein). Guaranty contends that it was a necessary and indispensable party to the litigation between Rubin and Weis and Boorstein and that the judgment entered in Guaranty's absence is null and void.

The following pertinent facts appear in the record.

Rubin and Weis filed a complaint against Boorstein in which they alleged that they entered into an agreement to sell certain stock to Guaranty. The agreement was attached to the complaint and provides that Rubin and Weis would sell all of the issued and outstanding stock of Odd Oz Amusements, Inc. to Guaranty for $136,500. The agreement further provides that Guaranty would deposit $25,000 with Boorstein, as escrow agent, to be held until closing on January 15, 1978. The record indicates that Boorstein served as attorney for Rubin and Weis during the contract negotiations. Guaranty deposited the required $25,000 with Boorstein on October 13, 1977.

Rubin and Weis further alleged that they had "fully and faithfully performed all of their duties and obligations under the said Agreement" and were at all relevant times "ready, willing and able" to consummate the agreed transaction. They further alleged that Guaranty, despite demands from Rubin and Weis, wrongfully failed and refused to consummate the

transaction provided for in the agreement. Rubin and Weis alleged that as a result of Guaranty's failure and refusal they were damaged in the amount of $140,000 and that they were therefore entitled to receive the $25,000 being held by Boorstein as escrow agent. The prayer for relief requested a judgment of $25,000 against Boorstein. Guaranty was not named as a party to the suit and no direct relief was sought from Guaranty. Boorstein failed to appear or plead to the complaint and a default judgment was entered against him on February 3, 1978.

On February 8, 1978, an appearance was filed by attorneys for Guaranty and on February 17, 1978, Guaranty moved the court for an order vacating the default judgment entered against Boorstein. The trial court denied Guaranty's motion to vacate the default judgment and struck the appearance of Guaranty's attorneys on the ground that Guaranty was not a party to the lawsuit. Guaranty then filed a petition for leave to intervene in the lawsuit. In the petition Guaranty alleged that a "dispute subsequently arose between sellers [Rubin-Weis] and buyers [Guaranty] as to the contract and sellers demanded that the earnest money be turned over." Guaranty alleged that it was a "party in interest in this matter" since it had deposited the $25,000 with Boorstein which was sought by plaintiffs. On February 21, 1978, the trial court entered an order allowing Guaranty to appear as a defendant pursuant to section 24 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 24). The trial court also allowed Guaranty 14 days to answer or otherwise plead to the complaint and ordered that Boorstein deposit the $25,000 with the clerk of the circuit court.

Guaranty filed an answer to the complaint, denying that it had wrongfully failed or refused to consummate the transaction and denying that plaintiffs had sustained any damages. As an affirmative defense to the complaint Guaranty alleged that Rubin and Weis had violated the terms of the agreement and had fraudulently entered and amended the agreement. Guaranty prayed for return of the $25,000 deposit from either plaintiffs or Boorstein.

On March 10, 1978, the trial court vacated the order requiring Boorstein to deposit the $25,000 and ordered Boorstein to submit proof that he had satisfied the judgment by paying $25,000 to Rubin and Weis.

At the March 16, 1978, hearing on Guaranty's motion to vacate the default judgment entered against Boorstein, the trial court stated that Guaranty was not a necessary party to the suit brought by Rubin and Weis to obtain the money held by Boorstein. The trial court also stated that Guaranty did not have standing to attack a judgment against another party and then entered an order denying Guaranty's motion to vacate the default judgment against Boorstein.

Guaranty appeals from the trial court's refusal to vacate the default judgment entered against Boorstein in Guaranty's absence.

OPINION

Rubin and Weis initially contend that the order denying Guaranty's motion to vacate the default judgment against Boorstein is not final and appealable.

In *South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 121, 254 N.E.2d 448, 449, our supreme court defined a final and appealable order as follows:

"To be final and appealable an order must dispose of the rights of the parties, either upon the entire controversy or upon some definite and separate part of it."

■■ The only relief sought by Rubin and Weis in the present suit was the $25,000 judgment against Boorstein. Although the complaint contained certain allegations against Guaranty, no relief was sought from Guaranty. The judgment against Boorstein therefore disposed of the entire subject matter of the litigation. No further issues raised in the complaint await resolution. Therefore, it is clear that the order denying Guaranty's motion to vacate is a final and appealable order.

Guaranty contends that the judgment entered in favor of Rubin and Weis against Boorstein, the escrow agent, is null and void because it was rendered in the absence of Guaranty. Guaranty argues that it was a necessary and indispensable party to the litigation between Rubin and Weis and Boorstein.

■■ It is undisputed between the parties here that a person having any substantial legal or beneficial interest in the subject matter of the litigation must ordinarily be joined as a party. (*In re Application of County Collector* (1977), 53 Ill. App. 3d 120, 368 N.E.2d 929; *Fox Lake Hills Property Owners Association v. Fox Lake Hills, Inc.* (1970), 120 Ill. App. 2d 139, 256 N.E.2d 496.) To be a necessary party the individual or entity involved must have a present substantial interest in the controverted matter such that the litigation "cannot be resolved without either (1) affecting that interest or (2) leaving the interest of those who are before the court in an embarrassing or inequitable position." (*Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113, 123, 349 N.E.2d 599, 607.) A necessary party, moreover, is one whose interest in the litigation is of a direct rather than general nature. *United Steelworkers of America, Local 5292 v. Bailey* (1975), 29 Ill. App. 3d 392, 329 N.E.2d 867.

■■ The entry of a judgment in the absence of a necessary party amounts to a deprivation of property without due process of law. (*In re Application of County Collector* (1977), 53 Ill. App. 3d 120, 368 N.E.2d 929.) Our courts have held that as a matter of fundamental fairness, it is error to proceed to a hearing and disposition on the merits in the absence of jurisdiction over a necessary and indispensable party. (*Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 320 N.E.2d 132.) An order or judgment

rendered without jurisdiction over a necessary and indispensable party is null and void. *People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 219 N.E.2d 617; *Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, 343 N.E.2d 679.

■■ We believe common sense dictates that Guaranty be a necessary and indispensable party to a proper determination of whether Rubin and Weis are entitled to receive the $25,000 escrow deposit held by Boorstein. The $25,000 deposit constituted a partial payment by Guaranty on a contract between Rubin and Weis and Guaranty. The money was to be held by Boorstein as escrow agent pending closing on the contract. In their complaint Rubin and Weis alleged that they were entitled to receive the $25,000 deposit as a result of Guaranty's refusal to perform the contract. Certainly Guaranty should have been a party to any litigation requiring a determination of whether it had breached the contract with Rubin and Weis, and, if so, whether such breach warranted forfeiture of the $25,000. Obviously the judgment against Boorstein as escrow agent adversely affected substantial rights of Guaranty. Guaranty's interest in the litigation between Rubin and Weis and Boorstein was both direct and substantial. Accordingly, in the absence of Guaranty, a necessary and indispensable party, the default judgment entered against Boorstein is null and void. The trial court erred in failing to vacate that judgment.

We recognize that the rule requiring joinder of indispensable parties is not applied where a party not before the court was, nonetheless, represented and protected by another party having the same interest. (*Mortimore v. Bashore* (1925), 317 Ill. 535, 148 N.E. 317.) Such is not the case here as Boorstein failed to even appear in the present action. Moreover, the interests of Boorstein, attorney for Rubin and Weis, could hardly be said to coincide with the interests of Guaranty.

For the foregoing reasons, the order of the circuit court denying Guaranty's motion to vacate the default judgment is reversed, and the matter is remanded with instructions to vacate the default judgment against Boorstein and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

SULLIVAN, P. J., and MEJDA, J., concur.