**MORTGAGE ASSOCIATES, INC.,**
**Plaintiff-Appellant,**

v.

**Max CLELAND, Administrator of Veterans Affairs, Defendant-Appellee.**

No. 80–2224.

United States Court of Appeals,
Seventh Circuit.

Argued April 1, 1981.

Decided June 9, 1981.

---

Thomas D. Jacobs, Gray & End, Milwaukee, Wis., for plaintiff-appellant.

Elizabeth L. Adelman, Asst. U. S. Atty., Milwaukee, Wis., for defendant-appellee.

Before CUMMINGS, Circuit Judge, GIBSON, Senior Circuit Judge,* and CUDAHY, Circuit Judge.

GIBSON, Senior Circuit Judge.

Mortgage Associates, Inc. appeals the district court's grant of summary judgment in favor of Max Cleland, Administrator of Veterans Affairs (VA) concerning a set-off against an amount owing on a VA home loan guaranty. Mortgage Associates contends that its actions in failing to comply with VA regulations did not increase the VA's liability under a home loan guaranty on property formerly owned by veteran Teddie Baccus and his wife. We disagree and, therefore, affirm the district court.

I.

In March 1969, the VA guaranteed a home loan to Mr. and Mrs. Baccus in the amount of $9,450. See 38 U.S.C. § 1810 (1976 & Supp. II 1978). The loan was also secured by the real estate, located in Illinois. Mortgage Associates was the original mortgagee, but later sold the mortgage to Federal National Mortgage Association (FNMA). Mortgage Associates, however, contracted with FNMA to act as the servicing agent on the loan, and subsequently was assigned the rights to the Baccus account.

In July 1971, the Baccuses defaulted. Mortgage Associates, through its Illinois attorneys from the law firm of Gray & End, began foreclosure proceedings in the Illinois state courts pursuant to Illinois state procedure. On August 9, 1971, a foreclosure sale was held, at which time Mortgage Associates, FNMA's representative, was the only bidder. Mortgage Associates, through its attorney, bid $11,400, the total indebtedness

due less a nominal deficiency. Subsequently, Gray & End realized that its bid was too high. Apparently an employee at the law firm had confused the VA guaranteed loan with a Federal Housing Administration (FHA) insured loan. According to the law firm, FHA loans are normally bid at the full indebtedness due value, while VA loans are bid at an amount closer to fair market value.

Gray & End then brought a motion before the Illinois state court to set aside the August 9, 1971, sale. In their petition, Gray & End specified the grounds for their requested vacation of the August 9th sale as being "that a mistake was made in failing to give the VA notice of the sale." Appellant's brief at 3. The motion was granted on August 16, 1971. A subsequent sale was held on September 13, 1971, at which time Mortgage Associates, after receiving instructions from the VA, bid $5,578.14. Subsequently, the VA paid FNMA $5,670.00, the full amount due under the guaranty.

Gray & End, despite petitioning the Illinois court to set aside the August 9th sale on the ground that the VA was never given notice of the sale, failed to give the VA or the Baccuses notice of the motion to vacate the first sale. Not until almost five years later did the VA learn of the August 9th sale. The VA, in its attempt to collect a deficiency from the Baccuses, was informed by the Baccuses' attorney that the attorney believed the original August 9th sale established the obligations of the parties.[1] The VA then chose to side with the Baccuses and demanded $5,670 plus seven percent interest from FNMA. When FNMA refused to remit this sum, the VA set off the amount from an unrelated mortgage account held by FNMA.

On November 10, 1978, Mortgage Associates filed suit in Wisconsin state court. The action was removed to federal court

---

* The Honorable Floyd R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The veteran, Baccus, agreed to pay the small deficiency of some $306 resulting from the first foreclosure sale, but refused to pay the larger deficiency resulting from the second sale.

pursuant to 28 U.S.C. § 1442(a)(1) (1976), the federal party removal statute. On June 24, 1980, the district court, on cross-motion for summary judgment, found in favor of the VA and dismissed the action. Mortgage Associates filed a timely notice of appeal.

## II.

Under 38 C.F.R. § 36.4319(a)–(b) (1980),[2] the VA was entitled to notice of both the initial August 9th sale and the motion to set aside the August 9th sale. Mortgage Associates admits that it failed to comply with these regulations. Another VA regulation provides that the VA may refuse to pay a claim for which increased liability to the VA results from a failure on the part of the mortgagee to provide such notice. 38 C.F.R. § 36.4325(b) (1980) reads in relevant part:

> [I]f such holder fails in this respect or fails to comply with 38 U.S.C. Ch. 37 and the regulations concerning guaranty or insurance of loans to veterans with respect to:
>
> \*   \*   \*   \*   \*   \*
>
> (6) Notice to the Administrator in any suit or action, or notice of sale (sec. 36.-4319),
>
> \*   \*   \*   \*   \*   \*
>
> no claim on the guaranty or insurance shall be paid on account of the loan with respect to which such failure occurred, or in respect to which an unwillful misrepresentation occurred, until the amount by which the ultimate liability of the Administrator would thereby be increased has been ascertained.[3] The burden of proof shall be upon the holder to establish that no increase of ultimate liability is attrib-

utable to such failure or misrepresentation.

## III.

### A.

On appeal, Mortgage Associates contends that its failure to notify the VA of either the August 9th sale or the motion to set aside the sale did not result in increased liability to the VA. The district court found that the first sale established the liability of the Baccuses on the mortgage. Mortgage Associates contends that the court erred in its interpretation of Illinois law on this point. We hold that Mortgage Associates has failed to establish that the VA's ultimate liability was not increased by Mortgage Associates' failure to notify them of the motion to set aside the August 9th sale, regardless of which sale established the liability of the Baccuses.

The regulations provide that "[t]he burden of proof shall be upon the holder [mortgagee] to establish that no increase of ultimate liability is attributable to such failure [to notify]." 38 C.F.R. § 36.4325(b) (1980). Mortgage Associates has attempted to shift this burden of proof to the VA by contending that under Illinois state law the second sale alone fixed the liabilities of the Baccuses. The United States District Court for the Eastern District of Wisconsin, as a result of Mortgage Associates' suit, attempted to interpret difficult issues of Illinois statutory law concerning the Baccuses' right to notice of the motion to set aside the August 9th sale. Mortgage Associates' line of argument before the district court and on appeal remains that only if the first sale fixed the liability of the Baccuses can the VA claim any increased liability. We reject this reasoning.

2.   38 C.F.R. § 36.4319(a)–(b) provides in relevant part:

> (a) When the holder institutes suit or otherwise becomes a party in any legal or equitable proceeding brought on or in connection with the guaranteed or insured indebtedness, or involving title to, or other lien on, the security, such holder \* \* \* shall also so deliver, as promptly as possible, a copy of each similar pleading served on holder or filed in the cause by any other party thereto.   \* \* \*

> (b) A copy of a notice of sale under power by a holder or one acting at the holder's behest (e. g. trustee or public official) shall be similarly delivered to the Administrator[.]   \* \* \*

3.   Subsection (c) of 38 C.F.R. § 36.4325 allows a set-off if payment has already been made on the loan.

The relevant issue to be addressed is whether Mortgage Associates has carried its burden of proof that the Illinois state court, which granted Mortgage Associates' motion to set aside the August 9, 1971, sale, clearly would have done so had the VA been properly notified of the proceeding. Only if this question can be answered in the affirmative does the question of which sale fixed the liability of the Baccuses arise.

### B.

Between August 9, 1971, and August 16, 1971, the liability of the VA and the Baccuses was fixed by the August 9th sale. On August 16, 1971, when the trial judge vacated the August 9th sale, the liability of the Baccuses and the VA was thrown into doubt. It is uncontested that after the August 16th order the liability of the Baccuses and the VA could only increase. Ultimately, Mortgage Associates collected $5,670 more from the VA than was due under the August 9th sale. Clearly, the liability of the VA was increased from the amount owing between August 9 and August 16.

Failure to give the Baccuses notice raises serious due process questions in any attempt to saddle them with an increased deficiency. Although Mortgage Associates argues that, under Illinois Law, the Baccuses, since they were in default on the original foreclosure complaint, were not entitled to any notice, it still leaves open the constitutional question of due process as applied to proceedings of this type which ultimately can result in a substantial deficiency, as contrasted to a proceeding where a judgment is obtained after personal service is secured. In addition, failure to give the Baccuses notice of the August 16, 1971, motion to set aside the prior foreclosure sale and order may have been a violation of state procedural rules. *See* Illinois Supreme Court Rule 105(a); Ill.Ann.Stat. ch. 110A, § 105(a) (Smith-Hurd 1968).

Gray & End petitioned the Illinois court, not on the ground that they had made an erroneous bid, but rather on the ground "that a mistake was made in failing to give the VA notice of sale." At this time Gray & End failed to notify the VA of the motion to set aside the sale, as required by the same regulation they were relying upon before the Illinois court to justify setting aside the August 9th sale. In addition, Gray & End knew that the liability of the VA could only be increased. From these facts, we cannot conclude that Gray & End's failure to notify the VA was inadvertent.

If the VA had been notified, it could have chosen to intervene in the Illinois state court proceedings and oppose the motion by Mortgage Associates,[4] or if intervention was not allowed it could have sought injunctive relief against the second sale. It was never given the opportunity to do so. The Illinois state court proceeding was the proper time to challenge the liability of the Baccuses. The Illinois state court should have been fully informed of all the considerations surrounding Mortgage Associates' motion to set aside the August 9th sale. Neither the VA nor the Baccuses were notified of the proceeding so that they might oppose the motion.

**4.** Mortgage Associates argues that the VA "was not a party in the foreclosure action and thus lacked standing to contest" the August 16, 1971, order to set aside the first foreclosure sale. Appellant's brief at 13. The VA, while not a formal party, could have petitioned the Illinois court to allow it to intervene as a matter of right under Ill.Ann.Stat. ch. 110, § 26.-1(1)(c) (Smith-Hurd 1980 Supp.), which provides: "Upon timely application anyone shall be permitted as of right to intervene in an action: ... (c) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof." Subsection (6) provides that "[a]n intervenor shall have all the rights of an original party ...." Recently, an Illinois appellate court has held that a guarantor on a mortgage has the right to intervene in a petition to set aside a tax lien foreclosure sale. *St. James Dormitory, Inc. v. Site, Inc.*, 53 Ill.App.3d 120, 122, 11 Ill.Dec. 321, 323, 368 N.E.2d 929, 931 (1977). We believe the holding of the *St. James Dormitory* case would also apply with respect to the VA. The VA's liability on its guaranty was adversely affected by the Illinois court's order to set aside the first sale.

**480**

The VA and the Baccuses should not be forced to litigate the issue of their liability nine years later in a federal district court in Wisconsin. In short, Mortgage Associates has failed to carry its burden of proof that the Illinois state court would still have granted the order to set aside the August 9th sale had the VA been notified and allowed to intervene.

Affirmed.