DENNIS A. BERGSTRAND, Plaintiff-Appellant, v. THE ROCK ISLAND BOARD OF EDUCATION, SCHOOL DISTRICT NO. 41, Defendant-Appellee.

Third District   No. 3—87—0161

Opinion filed October 9, 1987.

HEIPLE, J., dissenting.

Appeal from the Circuit Court of Rock Island County; the Hon. John M. Telleen, Judge, presiding.

Gregory G. Chickris, of Laird, Chickris & Brooks, of East Moline, for appellant.

Califf, Harper, Fox & Dailey, of Moline, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Dennis A. Bergstrand (plaintiff) and Marilyn C. Bergstrand are the divorced parents of four school-age children. Marilyn Bergstrand, the custodial mother, wants the children to participate in sex education and disease instruction courses which are offered by the children's school. The plaintiff, the children's natural father, submitted written objections to the Rock Island school board, School District No. 41, protesting the children's enrollment in these classes. Despite the plaintiff's objections, the school board still required the children to participate in the classes because the children's mother wanted the children to receive sex education and disease instruction. The plaintiff filed a complaint requesting that a temporary restraining order, preliminary injunction and permanent injunction issue against the school board. The cause came on for hearing upon the plaintiff's request for a preliminary injunction. The circuit court of Rock Island County denied the plaintiff's request on the ground that the mother and children were necessary parties to the suit. The plaintiff then took this interlocutory appeal. The sole issue on appeal is whether the mother and four children are necessary parties to the action.

The plaintiff's written objections are submitted pursuant to the following sections of the Illinois School Code:

> "Sex education. No pupil shall be required to take or participate in any class or course in comprehensive sex education if his parent or guardian submits written objection thereto, and refusal to take or participate in such course or program shall not be reason for suspension or expulsion of such pupil. Nothing in this Section prohibits instruction in sanitation, hygiene or traditional courses in biology." (Ill. Rev. Stat. 1985, ch. 122, par. 27—9.1.)

> "No pupil shall be required to take or participate in instruction on diseases if a parent or guardian files written objection thereto on constitutional grounds, and refusal to take or participate in such instruction on such grounds shall not be reason for suspension or expulsion of such pupil. Nothing in this act

shall prohibit instruction in sanitation and hygiene." Ill. Rev. Stat. 1985, ch. 122, par. 27—11.

■■ Under fundamental principles of due process, a court is without jurisdiction to enter an order or judgment which affects a right or interest of someone not before the court. (*Feen v. Ray* (1985), 109 Ill. 2d 339, 487 N.E.2d 619.) The courts have established a test for determining a necessary party:

> "A necessary party is one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his absence [citations]; (2) to reach a decision which will protect the interests of those who are before the court [citations]; or (3) to enable the court to make a complete determination of the controversy." (*Burt v. Board of Education* (1985), 132 Ill. App. 3d 393, 395-96, 477 N.E.2d 247.)

The interest involved must be a substantial legal or beneficial interest of a direct rather than a general nature. *Rubin v. Boorstein* (1979), 73 Ill. App. 3d 689, 392 N.E.2d 919.

The statute at issue has yet to be interpreted by a court in a similar situation. Although a number of States have similar statutes, we have been unable to locate a similar factual situation interpreting these provisions. (See Alabama's, California's, and Michigan's annotated statutes.) Consequently, it is necessary to analyze similar situations involving parental rights concerning minor children in order to determine whether Mrs. Bergstrand is a necessary party.

■■ ■ Under the plaintiff's interpretation of the statute, an objecting parent in a two-parent family could decide which courses his children would be enrolled in without consulting his wife, the children's natural mother. Clearly, a natural mother of minor children in a family setting has an interest in which classes her children will be enrolled. Free personal choice in matters involving family life is a fundamental liberty interest of a parent (*Santosky v. Kramer* (1982), 455 U.S. 745, 71 L. Ed. 2d 599, 102 S. Ct. 1388), because the parents' claim to authority in their own household to direct the rearing of their children is basic in the structure of our society. (*Ginsberg v. New York* (1968), 390 U.S. 629, 20 L. Ed. 2d 195, 88 S. Ct. 1274.) Further, a nonobjecting parent has the right to know the basis of the complaining parent's objection. An objecting parent must act in good faith when seeking to have his children precluded from attending educational classes. Thus, a nonobjecting parent has an interest in the controversy simply to assure that an objection was not made erroneously,

including instances of bad faith, incompetence, duress, compulsion, and harassment.

A reading of the statute illustrates that it does not contemplate every situation that could arise. Thus, a practical decision is required. A decision incorporating the plaintiff's reasoning would result in illogical proceedings. For example, under the plaintiff's interpretation, a parent of a child who has shown no interest in the child since birth would be allowed to file an objection to a child's attendance in sex education classes. Such a decision would circumvent the rights of a child's guardian. Clearly, a practical reading of the statute would not allow such a result.

In the instant case, the Bergstrands are divorced. The Illinois Marriage and Dissolution of Marriage Act provides:

"(a) To promote amicable settlement of disputes between parties to a marriage attendant upon the dissolution of their marriage, the parties may enter into a written or oral [separation] agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them and support, custody and visitation of their children.

\* \* \*

(e) Terms of the agreement set forth in the judgment are enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms." Ill. Rev. Stat. 1985, ch. 40, pars. 502(a), (e).

The parties entered into a written divorce agreement with regard to the custody of their children. The agreement provides as follows:

"Petitioner, (Marilyn Bergstrand) is granted sole care, custody and control of the six minor children of the marriage, subject, however, to joint control with Respondent, (Dennis Bergstrand) as to their education."

■ Based upon the divorce agreement, both parties have enforceable contractual parental rights with regard to the children's education. A court is without jurisdiction to enter an order or a judgment which affects a right or interest of someone not before the court. (*Feen v. Ray* (1985), 109 Ill. 2d 339, 487 N.E.2d 619.) Pursuant to the enforceable divorce agreement, Marilyn Bergstrand has a legally enforceable right to consider the type of classes her children will attend. If she is not consulted in determining which courses her children will attend, her rights will be materially affected. Consequently, she has satisfied the test for being a necessary party enunciated in *Burt v. Board*, noted above.

A reading of the statute illustrates that it does not contemplate

the situation at issue. The pupils' parents are divorced and the custodial mother wants the children to participate in the classes and the noncustodial natural father seeks to have the children barred from enrollment. Clearly the legislature could not have intended to circumvent the parental rights of the natural mother.

The trial court's decision with regard to Marilyn Bergstrand is correct. Marilyn Bergstrand has a parental right and interest in this case. Consequently, she is a necessary party and is required to be named in the litigation.

■ The trial court's decision finding the parents' minor children to be necessary parties is incorrect. Applying the above rules and reasoning does not necessarily result in such a finding. The statute in question was designed to provide a child's parents or guardian with an opportunity to object to their minor children receiving sex education and disease instruction courses. The children are not mentioned in the statute, and we are confident the legislature did not intend to permit minor children to decide whether they would enroll in such classes. Further, because the statute does not include them, and as a result of their age, the minor children do not have an interest in the subject matter of the controversy. Consequently, the children do not meet the requirements for being a necessary party enunciated in *Burt v. Board*, noted above.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed in part, reversed in part, and remanded for further proceedings.

Affirmed in part; reversed in part and remanded.

SCOTT, J., concurs.

JUSTICE HEIPLE, dissenting:

The only issue that should have been considered by the school board, the lower court, and this court is whether the father properly objected to his children's participating in the sex education and disease instruction classes on constitutional grounds. Whether or not the mother and children are necessary parties to the instant suit should never have become an issue. The statutes in question are not ambiguous, as the majority opinion suggests; they clearly provide a *parent* may object to his or her child's receiving sex education or disease instruction classes. Where the language of the statute is certain and unambiguous, the only legitimate function of a court is to enforce the law as enacted by the legislature. (*Thornton v. Mono Manufacturing*

*Co.* (1981), 99 Ill. App. 3d 722.) A court should not search for reasons to justify giving the statute a different meaning from what the words of the statute indicate (see *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211), as the court did here.

The statutes in question create a right for a parent who objects to his or her children's receiving sex education or disease instruction classes. The statutes do not require both parents' objections or state that one parent's consent to the instruction nullifies the other parent's objection. The statutes simply do not speak to a nonobjecting parent, and therefore, do not confer any rights on the nonobjecting parent or necessitate the nonobjecting parent's presence.

That the statutes do not speak to a nonobjecting parent does not mean that the legislature failed to consider the particular situation that the instant case presents. It is more likely that the legislature considered the fact that parents might disagree, or that one parent may be unavailable because of disinterest, divorce, or other circumstances, and decided for convenience purposes to only require one parent's objection. Having said that, I will address the majority's opinion regarding the issue as discussed and decided.

Though the majority opinion correctly states the law as to who constitutes a necessary party, it incorrectly applies the law to find the mother a necessary party in the case at bar. The first reason for finding a party's presence to be necessary is to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his absence. (*Burt v. Board of Education* (1985), 132 Ill. App. 3d 393.) The majority opinion states, "Clearly, a natural mother of minor children in a family setting has an interest in which classes her children will be enrolled." (161 Ill. App. 3d at 180.) I disagree that there is such an innate interest. More importantly, there was no such interest, innate or otherwise, established here. Although the school board claims that the mother wants her children enrolled in the classes, the mother herself never expressed such an interest before the court. If she was as interested as the majority opinion seems to believe, then she could have sought intervention.

Moreover, in order to be a necessary party, the interest of the party must be more than general; it must be a substantial legal or beneficial interest which a court can protect. (*Rubin v. Boorstein* (1979), 73 Ill. App. 3d 689.) The mother cannot establish such an interest here. The School Code (Ill. Rev. Stat. 1985, ch. 122, pars. 27—1 through 27—27) sets forth the course of study that a school district

must provide and also sets forth courses of study that may be provided. Sex education and disease instruction are not courses that must be provided. Thus, the mother has no legal interest in having her children enrolled in such courses. Additionally, the mother does not stand to gain or lose a profit or benefit by the litigation.

The second reason established in *Burt* for requiring the presence of another party—to reach a decision which will protect the interests of those before the court—has also not been demonstrated. Neither the trial court nor the defendant offered any explanation as to why the interests of the father and the school board cannot be protected without the presence of the mother. This court should decline serving as advocate for the appellee or searching for reasons in order to sustain the judgment. (*Stephanie's v. Ultracashmere House, Ltd.* (1981), 98 Ill. App. 3d 654.) It should assume that the second reason for requiring the addition of the mother does not exist.

Finally, the third reason for finding a party's presence necessary—to enable the court to make a complete determination of the controversy—has not been established. The rationale behind this reason is to prevent future litigation of the same or similar issues. (*Feen v. Ray* (1985), 109 Ill. 2d 339.) Since the mother has no legal or beneficial interest in regard to the enrollment of her children in sex education and disease instruction classes, she has no basis for future litigation against either the father or the school board, and the court can completely determine the controversy without her. Accordingly, I would have also reversed the trial court's finding that the mother is a necessary party.