Rudolph Glickauf, Plaintiff-Appellant, *v.* Jack Moss *et al.*, Defendants-Appellees.

(No. 60092;

First District (1st Division)—October 7, 1974.

Arvey, Hodes & Mantynband, of Chicago (Ralph A. Mantynband, of counsel), for appellant.

Russell J. Topper, of Chicago, for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

This appeal brings before us a dispute concerning a family owned business corporation. Rudolph Glickauf (plaintiff) is beneficial owner of approximately 23% of the outstanding shares of Jack's Men's Shop, Inc. (Corporation). Equitable ownership of the balance of the stock is vested in Jack Moss, Rose Moss, Everett Moss, Sheila Moss, Earl Hyman and Muriel Hyman (defendants). Legal title to all of the corporate stock is held by a voting trust of which defendants Jack Moss and Rose Moss are trustees.

Plaintiff has filed a fourth amended complaint which prays primarily for liquidation of the Corporation. (Ill. Rev. Stat. 1973, ch. 32, par. 157.86(a).) The trial court sustained a motion of defendants to dismiss the complaint and it was accordingly dismissed for want of equity.

■■ At the commencement of the suit, plaintiff and the Corporation were designated as plaintiffs in the original complaint. The six named individuals were the only defendants. After a number of legal maneuvers and the entry of many orders, succeeding complaints involving the same alignment of parties and praying for varied types of relief were dismissed on motion of defendants. A later amended complaint sought to change the alignment and designation of parties by presenting Rudolph Glickauf as sole plaintiff with the designation that the suit was brought by him, individually, and for the benefit of the Corporation. In addition, this and subsequent amended complaints were filed which carried the designation of Rudolph Glickauf as the sole plaintiff and which added the Corporation as an additional defendant. The fourth amended complaint, which is the subject of this appeal, carries this same alignment and designation of parties. However, a minute search of the entire record discloses that, although plaintiff sought leave of court to realign the parties as indicated, no such order was ever entered by the court. Parties can be dropped and new parties added only "by order of the court." (Ill. Rev. Stat. 1973, ch. 110, par. 26.) It follows necessarily that the Corporation is not presently a defendant herein and that the trial court never obtained jurisdiction over its person. No appearance was ever filed in its behalf.

On oral argument, plaintiff urged that the trial court had acquired jurisdiction over the Corporation by waiver. At one point in the proceedings, counsel for defendants had filed a brief for the defendants and included the name of the Corporation for the stated purpose of assisting the court in determining whether to grant plaintiff leave to file an amended complaint. We have doubts as to whether waiver of this type would apply to a party defendant under the circumstances which exist

here where a corporate party has been transformed from a plaintiff to a defendant by unilateral action of plaintiff's counsel without order of court. Furthermore, as far as we can ascertain from the authorities, the filing of a brief of this kind signed by counsel should not be permitted to make a former plaintiff a party defendant to these proceedings. See *Schumacher v. Klitzing*, 353 Ill. 530, 533, 187 N.E. 458.

As regards the merits of the appeal, plaintiff advances various arguments to the point that the fourth amended complaint indeed states a cause of action sufficient to require liquidation of the Corporation. In addition to countering these arguments with the contention that the complaint is substantially defective, defendants raise the issue that the court has no jurisdiction over the Corporation. Our study has convinced us that the jurisdictional question is paramount here and that its proper determination eliminates the need for consideration of the remaining arguments at this particular time.

Actually, the jurisdictional issues raised by defendants leads to a consideration of the need for the trial court and this court to obtain jurisdiction over a necessary party before proceeding to a decision of the cause upon its merits. This inquiry must commence with a determination as to whether the Corporation is a necessary party to proceedings which seek its statutory liquidation and dissolution. In our opinion, this inquiry must necessarily receive an affirmative answer.

■■ The authority and jurisdiction of Illinois courts to order the liquidation and dissolution of a corporation is entirely and exclusively statutory. (*Central Standard Insurance Co. v. Davis*, 10 Ill.2d 566, 572, 141 N.E.2d 45.) The Business Corporation Act of Illinois, as presently constituted, does not contain a specific requirement that a corporation is a necessary party defendant to a suit which seeks its liquidation and corporate death. However, the dictates of common sense and various language used in the statute require the conclusion that the Corporation is, indeed, a necessary party to these proceedings. The test of whether this Corporation is a necessary party is if it is "legally or beneficially interested in the subject matter of the litigation" so that it would "be affected by the decree * * *." (*Oglesby v. Springfield Marine Bank*, 385 Ill. 414, 423, 52 N.E.2d 1000.) It is indeed difficult to imagine a more necessary party in an action for corporate dissolution than the affected corporation itself.

Further, there is a specific statutory requirement that these proceedings "shall be brought in the county in which the registered office or the principal office of the corporation is situated." (Ill. Rev. Stat. 1973, ch. 32, par. 157.86.) At the same point in the statute, immediately following the above language, there is a provision which indicates that making the shareholders parties to such action is not necessary unless personal relief

is sought against them. The Act provides that in these liquidation proceedings the court may appoint a receiver pendente lite (Ill. Rev. Stat. 1973, ch. 32, par. 157.87.) The statute directs the court, after completion of liquidation of corporate assets, to "enter a decree dissolving the corporation, whereupon the existence of the corporation shall cease." (Ill. Rev. Stat. 1973, ch. 32, par. 157.91.) The conclusion is thus clear and definite that the Corporation is a necessary party to these proceedings. This conclusion cannot be avoided or altered by the presence before the court of all of the shareholders of the Corporation.

The fourth amended complaint alleges that three of the defendants are directors of the Corporation but it does not allege that they are its only directors. We have searched the authorities and the only type of situation in which the court permitted relaxation of the rule requiring necessary parties is one in which a party already present effectively represents an omitted interest. *Cales v. Dressler,* 315 Ill. 142, 149, 146 N.E. 162; *Fox Lake Hills Property Owners Ass'n v. Fox Lake Hills, Inc.,* 120 Ill.App.2d 139, 144, 145, 256 N.E.2d 496.

The result of a failure to join a necessary party has been the subject of a number of cases decided by the reviewing courts of Illinois. In *Hobbs v. Pinnell,* 17 Ill.2d 535, 536, 162 N.E.2d 361, the court quoted and depended upon the following statement from *Gaumer v. Snedeker,* 330 Ill. 511, 515, 162 N.E. 137:

> "Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests, the court should not proceed to a decision of the case upon the merits. The objection may be made by a party at the hearing or on appeal or error, and the court will upon its own motion take notice of the omission and require the omitted party to be made a party to the litigation even though no objection is made by any party litigant. *Knopf v. Chicago Real Estate Board,* 173 Ill. 196; *Abernathie v. Rich,* 229 id. 412; *McMechan v. Yenter,* 301 id. 508; *Webster v. Jackson,* 304 id. 569; *Mortimore v. Bashore,* 317 id. 535."

The requirement of "joinder" of necessary parties thus appears absolute and inflexible. It applies to trial courts as well as to appellate courts. (*Georgeoff v. Spencer,* 400 Ill. 300, 302, 79 N.E.2d 596.) As shown, it is the duty of trial and reviewing courts to enforce this principle of law sua sponte as soon as it is brought to their attention. It has been repeatedly held that it is error for a court to proceed to hearing and disposition on the merits of a cause without jurisdiction of necessary parties. This rule has been described as "fundamental doctrine." (*B. J.*

*Lind & Co. v. Diacou,* 3 Ill.App.3d 299, 302, 278 N.E.2d 526.) The supreme court has put the matter in the strongest terms with the statement that "[i]t has long been the rule that an order entered without jurisdiction of indispensable parties is null and void." *People ex rel. Meyer v. Kerner,* 35 Ill.2d 33, 38, 219 N.E.2d 617.

■■ Nor is application of the doctrine affected by the fact that the order appealed from actually represents an outcome of the cause favorable to the absent Corporation. In *Giese v. Terry,* 382 Ill. 34, 46 N.E.2d 90, proceedings seeking to establish a constructive trust had been dismissed by the trial court on motion of a defendant. Where there was a lack of necessary parties, the court held that neither the court exercising original jurisdiction nor that exercising appellate jurisdiction should proceed further with the matter and the judgment of dismissal was accordingly reversed.

■■ Application of these accepted principles to the record before us requires that the judgment appealed from be reversed not upon its merits but solely for the purpose of permitting plaintiff to take the steps required to obtain jurisdiction over the Corporation as a necessary party. Plaintiff has filed in this court a motion to amend the proceedings by adding Jack's Men's shop, Inc., a corporation, as an additional party hereto. (Supreme Court Rule 366(a), 50 Ill.2d R. 366(a).) Defendants have filed objections to this motion. The motion will not be entertained. The judgment appealed from is accordingly reversed and the cause remanded to the trial court with directions for the entry of a proper order adding the Corporation as an additional party defendant to the fourth amended complaint and providing for the issuance of summons in the usual form against said additional defendant if requested by plaintiff's counsel. This will give plaintiff an opportunity to take the steps necessary to obtain jurisdiction over the Corporation. When this has been accomplished, the trial court is directed to proceed in a manner not contrary to the views above expressed.

Judgment reversed and cause remanded.

EGAN, P. J., and HALLETT, J., concur.