IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 5, 2002 Session

## BASIL MARCEAUX I v. GOVERNOR DON SUNDQUIST, in his official capacity, ET AL.

Direct Appeal from the Chancery Court for Davidson County
No. 02-423-1     Irvin H. Kilcrease, Jr., Chancellor

---

No. M2002-01356-COA-R3-CV - Filed December 31, 2002

---

Appellant filed a complaint in the Davidson County Chancery Court naming Governor Don Sundquist, all members of the United States Congress representing Tennessee, all members of the state legislature, all Tennessee District Attorneys General, all Tennessee Sheriff's Departments, and others as defendants. The complaint alleged the numerous defendants were guilty of "kidnapping, extortion, and racketeering" through the application of laws calling for mandatory car insurance, and the practice of routine traffic stops. The trial court dismissed the complaint finding, *inter alia*, that Appellant failed to state a claim upon which relief can be granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Basil Marceaux I, *Pro Se*.

Paul G. Summers, Attorney General & Reporter, and Richard H. Dunavant, Assistant Attorney General, for the appellees, State of Tennessee, et al.

**OPINION**

On February 7, 2002, Appellant filed a complaint in the Davidson County Chancery Court. The complaint named Governor Don Sundquist, all members of the United States Congress representing Tennessee, all members of the state legislature, all Tennessee District Attorneys General, all Tennessee Sheriff's Departments, and others as defendants. The complaint alleged the numerous defendants were guilty of "kidnapping, extortion, and racketeering" through the application of laws calling for mandatory car insurance, and the practice of routine traffic stops. Along with the complaint, Appellant filed an affidavit of indigency allowing him to proceed *in forma pauperis*. The Office of the Attorney General and Reporter appeared on behalf of the state

government defendants (the Appellees). The record is devoid of evidence that the other named defendants, such as Tennessee's United States Senators and Representatives and members of the "Bar Association," were served.

Appellant filed a motion to amend the complaint, as well as a motion requesting production of documents, on February 21, 2002. Appellees filed a response in opposition to both the Appellant's motion to amend and for production on March 12, 2002. On the same date, Appellees also filed a motion to dismiss. Appellant filed responses to the Appellee's motion to dismiss, and opposition to motions to amend and for production, on March 22, 2002.

The trial court entered two orders on April 26, 2002, having heard oral arguments on the issues. The first order overruled Appellant's motions for production and exigency writ, and the second order granted Appellees' motion to dismiss. Notice of appeal was filed on April 19, 2002.

While the Appellant has raised seventeen (17) issues on appeal, only the following three (3), as restated, were addressed by the Chancery Court and are, therefore, properly before this court:

> (1)     Whether the allegations of the complaint stated a claim upon which relief could be granted, and whether the claim fell within the court's jurisdiction?

> (2)     Whether the trial court abused its discretion in denying Appellant's Motion for Production?

> (3)     Whether the trial court abused its discretion in denying the Appellant's Motion for Exigency Writ?

### *Motion for Production*

The Tennessee Rules of Civil Procedure, provide that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Tenn. R. Civ. P. 26.02(1). Pursuant to a motion, or upon its own initiative, however, the trial court may limit discovery if the court determines, *inter alia,* that "the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." *Id*.

In the present case, Appellant requested the production of the following:[1]

> 1. All records concerning arrests made between 12/1/1998 thur 2/20/02 during all routine traffic stops in all counties and cities of Tennessee. Including

---

[1]The text is presented, verbatim, from the original motion.

names and addresses of each defendant, Sentences of each, fines levied, phone Numbers, along with arresting officers and the judge that did the rulings.

a. All information be separated by crimes, with a total of fines (Dollar value) Accumulative of rulings by judges, and district attorneys, and defendant lawyers, and defendants by counties, involved and put all information into a booklet form type in 14 point ,news print.

2. All records of the Senate and the House of Tennessee that has to do with voting ( who introduced it and who voted for what )for any laws (D.U.I ,Drugs, Guns, citizens in the back seat, insurance, seat belts, open containers concerning, getting out of the car, social security Numbers,  types of searches done at jails, seizer of property) concerning citizens while driving a vehicle on Tennessee highway.

a. All information be separated by laws,  Accumulative list by Senator and House members individually and put all information into a booklet form type in 14 point , news print

3. A total dollar figure of the total amount of lawyers fees reported concerning (D.U.I, Drugs, Guns, citizens in the back seat,  seat beats, open containers , seizer of property) concerning citizens while driving a vehicle on Tennessee highway.

a. All information be separated by laws,  Accumulative list by firms individually and put all information into a booklet form type in 14 point , news print

We fail to find that the trial judge abused his discretion in denying Appellant's request for, clearly, "the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." ***Id.***

### *Request for "Exigency Writ"*[2]

In addition to Appellant's request for production, he also requested the following of the trial court:[3]

1. A ruling to stop the practice of letting any one profession to dominate the Senate or the House of Representative and only allow 6 senators or 50 Representatives of the House, of one profession on the floor at  one time. Will You?

---

[2]Blacks Law Dictionary defines "Exigency of a writ" as "[t]he command or imperativeness of a writ; the directing part of a writ; the act or performance which it commands." Blacks Law Dictionary 515 (5th ed. 1979).

[3]Also presented verbatim.

2 Suspend voting rights of all senators and house Representatives who are attorneys and their office be up reelection in 2002. Will You?

3 Force the defendants to file a motion for each citizen involved to remove all records of their illegal conviction . Will You?

5. Suspend lawyers that hold office of the Senator or House of Representatives of the state of Tennessee. Will You?

6. Enact the Second Thought Act : This prohibit any law enforcement officers from detaining any citizen in a routine traffic stop for crimes that aren't known if they can't find evidence for any of the state vehicular code, they can't look.. Will You?

7. Rule that parties with sovereign immunity involved is not following the guide lines of the U.S. Supreme Court in Knowels v Iowa and extended bright line law where the U.S. Supreme Court wouldn't for three years has to run for reelection in 2002 or soon as possible. Will You?

8. Suspend voting rights of the defendants until reelected. Will You?

9. Bar the Tennessee Bar Association from any lobby rights for 6 years Will You

10. Order all citizens false arrest records to be removed from all data bases and booklets> Will You?

11. Suspend T.C.A. 55 12 139 for three years or until a study can be done to see the impact on non insured and to rule to see if it is constitutional by making the poor to pay more for insurance than the rest of the citizens they can't afford it . By allowing this code to stay in effect at this time . With the closing or cutting back of so many companies in Tennessee, life will be hard to maintain. The poor will be poorer and if they get caught in a road block without insurance they will get fined , lose there license, has to pay reinstatement fees. Will You?

12. rule that all parties that was citizen arrested under T.C.R.A. by plaintiff to be arrested.

The trial court properly treated Appellant's request as one for injunctive relief. Accordingly, after weighing the four factors to be considered when addressing such a request, as articulated in ***South Cent. Tenn. R.R. Auth. v. Harakas***, 44 S.W.3d 912 (Tenn. Ct. App. 2000)[4],

_____

[4]The court applied the following "four- factor test: '(1) the threat of irreparable harm to plaintiff if the injunction is not granted; (2) the balance between this harm and the injury that granting the injunction would inflict on the
(continued...)

the trial court denied the motion. We find no error in the trial court's denial of Appellant's request for injunctive relief, agreeing with the trial court that "there is less than a slight chance that [Appellant's] complaint [could] succeed on the merits, that there is no threat of irreparable harm to [Appellant] and that public interest and interest-balancing considerations weigh in favor of [Appellees]" as granting Appellant the relief sought "would bring law enforcement and all branches of state government to a halt in Tennessee."

### *Dismissal for Failure to State a Claim*

When this Court reviews the dismissal of a complaint under rule 12.02(6) of the Tennessee Rules of Civil Procedure, we must take the factual allegations contained in the complaint as true and review the trial court's legal conclusions *de novo* without affording those conclusions any presumption of correctness. *Crews v. Buckman Labs. Int'l.,* 78 S.W.3d 852, 857 (Tenn. 2002). A motion to dismiss under Rule 12.02(6) admits the truth of all of the relevant and material averments contained in the complaint. *E.g., Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). Courts may not dismiss a complaint for failure to state a claim based upon the perceived strength of a plaintiff's proof, for a motion to dismiss a complaint under Rule 12.02(6) challenges only the legal sufficiency of the complaint. *Crews,* 78 S.W.3d at 857. Accordingly, we "must construe the complaint in favor of the plaintiff, accept the allegations of fact as true, and deny the motion unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief." *Doe v. Sundquist,* 2 S.W.3d 919, 922 (Tenn. 1999).

Count I of Appellant's complaint alleges that defendants did "willfully conspire, premeditate to disrespect too human rights, privileges and immunities guaranteed by the U.S. Constitution and laws of the United States . . . by operating a kidnapping, extortion and racketeering ring. . . ."

Count II alleges "Jury Tempering and Fixing[,]" as well as "Embezzlement[,]" and "Entrapments[.]"

Count III alleges a "Sovereign immunity and judicial cover up[.]"

While we recognize Appellant's right to "represent[] his spot of 'We The People[,]'" we cannot ignore the fact that such representation requires that Appellant enjoy standing to assert each of his various claims.

---

[4](...continued)

defendant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.'" *South Cent. Tenn. R.R. Auth.*, 44 S.W.3d at 919 fn. 6. (quoting Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 4-3(l) (1999)).

This Court recently addressed the issue of standing in the case of **_Petty v. Daimler/Chrysler Corp._**, No. W2001-01152-COA-R3-CV, 2002 Tenn. App. LEXIS 191 (Tenn. Ct. App. Mar. 13, 2002), **_perm. app. denied_** (Tenn. Sept. 9, 2002), where we stated:

> Courts employ the doctrine of standing to determine whether a claimant is "properly situated to prosecute the action." **_Knierim v. Leatherwood_**, 542 S.W.2d 806, 808 (Tenn. 1976).  In order to establish standing, a party must demonstrate three essential elements. **_Metropolitan Air Research Testing Auth., Inc. v. Metropolitan Gov't of Nashville and Davidson County_**, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992); **_Lujan v. Defenders of Wildlife_**, [504 U.S. 555 (1992)].  First, the party must demonstrate that it has suffered an injury which is "distinct and palpable," **_Metropolitan Air Research Testing Auth., Inc._**, 842 S.W.2d at 615, and not conjectural or hypothetical.  **_Lujan,_** 504 U.S. at 560. Second, the party  must establish a causal connection between that injury and the conduct of which he complains.  **_Metropolitan Air Research Testing Auth., Inc._**, 842 S.W.2d at 615.  Third, it must be likely that a favorable decision will redress that injury.  **_Id_**.  These elements are indispensable to the plaintiff's case, and must be supported by the same degree of evidence at each stage of litigation as other matters on which plaintiff bears the burden of proof.  **_Lujan_**, 504 U.S. at 560. The party, and not the merits of the case, is the major focus of a determination of standing. **_Metropolitan Air Research Testing Auth., Inc._**[, 842 S.W.2d at 615].

**_Petty,_** 2002 Tenn. App. LEXIS 191 at *5-6.

> Further,

> [e]ven though a statute is unconstitutional, only those who have a right to raise a question of its unconstitutionality may invoke the aid of the courts to have it judicially set aside, and the constitutionality of a legislative act is open to attack by those persons whose rights are affected thereby. Before a law can be assailed by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement on his rights. **_Assailants must therefore show the applicability of the statute to them and that they are thereby injuriously affected_**.

**_Parks v. Alexander_**, 608 S.W.2d 881, 885 (Tenn. Ct. App. 1980) (emphasis added) (quoting 16 Am. Jur. 2d Constitutional Law § 188 (1979)).

In the present case, Appellant has failed to demonstrate that Appellees, through any of the alleged wrongs, have caused Appellant a "distinct and palpable" injury, or that application of the Tennessee Financial Responsibility Act, which Appellant claims is unconstitutional, has "injuriously affected" him. As such, Appellant lacks standing as to all claims presented, and the trial court was not in error in granting Appellees' motion to dismiss.

The judgment of the trial court is, therefore, affirmed. Costs of this appeal are taxed to the Appellant, Basil Marceaux, for which execution, if necessary, may issue.

_____
DAVID R. FARMER, JUDGE