# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 17, 2011 Session

## PRIME LOCATIONS, INC. v. SHELBY COUNTY AND THE CITY OF MEMPHIS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006449-04     Jerry Stokes, Judge**

---

**No. W2010-01941-COA-R3-CV - Filed December 8, 2011**

---

The trial court entered judgment in favor of Defendants Shelby County and the City of Memphis upon determining that, under Tennessee Code Annotated § 37-7-210, Defendants have authority to regulate billboards pursuant to private acts applicable to Memphis and Shelby County. Plaintiff appeals. We affirm entry of a judgment in favor of Defendants on the grounds of standing and ripeness.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Murray B. Wells, Memphis, Tennessee, for the appellant, Prime Locations, Inc.

Kelly Rayne, Shelby County Attorney, and Robert B. Rolwing, Assistant County Attorney, Memphis, Tennessee, for the Appellee, Shelby County

Lori H. Patterson and Quinn N. Carlson, Memphis, Tennessee, for the Appellee, The City of Memphis, Tennessee.

# MEMORANDUM OPINION[1]

The issue raised in this lawsuit is whether, pursuant Tennessee Code Annotated § 13-7-210 and the private acts applicable to Defendants the City of Memphis and Shelby County (collectively, "the City/County"), the City/County may prohibit Plaintiff Prime Locations, Inc. ("Prime Locations") from expanding the size of its signs and "junior billboards" notwithstanding the general provisions of Tennessee Code Annotated § 13-7-208.[2] The trial court held that Prime Locations' signs are structures for the purpose of section 13-7-208, but that, under section 13-7-210, the private acts applicable to the City/County allow the

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Tennessee Code Annotated § 13-7-208(c) provides:

(c) Industrial, commercial or other business establishments in operation and permitted to operate under zoning regulations or exceptions thereto in effect immediately preceding a change in zoning shall be allowed to expand operations and construct additional facilities which involve an actual continuance and expansion of the activities of the industry or business which were permitted and being conducted prior to the change in zoning; provided, that there is a reasonable amount of space for such expansion on the property owned by such industry or business situated within the area which is affected by the change in zoning, so as to avoid nuisances to adjoining landowners. No building permit or like permission for construction or landscaping shall be denied to an industry or business seeking to expand and continue activities conducted by that industry or business which were permitted prior to the change in zoning; provided, that there is a reasonable amount of space for such expansion on the property owned by such industry or business situated within the area which is affected by the change in zoning, so as to avoid nuisances to adjoining landowners.

Tennessee Code Annotated § 13-7-210 provides:

Nothing contained in this part and part 3 of this chapter shall be deemed to supplant or modify the provisions of any special or private act relating to the zoning or zoning powers of any municipality referred to in such special or private act, and all the provisions of such special or private act shall remain in full force and effect, but insofar as the provisions of this part and part 3 of this chapter are not inconsistent with the provisions of such special or private act, this part and part 3 of this chapter shall apply to the zoning powers and procedure of such municipality.

City/County to regulate the expansion of Prime Locations' signs and junior billboards. The trial court entered a judgment in favor of the City/County on August 23, 2010, and Prime Locations filed a timely notice of appeal to this Court.[3]

While this appeal was pending, on July 21, 2011, we entered judgment in *Thomas v. Shelby County*, No. W2010–01472–COA–R3–CV, 2011 WL 3558171 (Tenn. Ct. App. Jul. 21, 2011). The City/County assert that the procedural facts of this case are identical to those addressed in *Thomas*, and that, as in *Thomas*, this matter should be dismissed for lack of standing and ripeness. Prime Locations, on the other hand, asserts this case is distinguishable from *Thomas*, that it has standing, and that the matter is ripe for review. Upon review of the procedural history of this matter, we agree with the City/County that the matter should be dismissed on the basis of ripeness and standing.

### *Discussion*

The facts of this case are not disputed. Prime Locations is an outdoor advertising company incorporated in Georgia. It owns and operates a "substantial number" of "junior billboards," signs that are attached to neighborhood stores and relatively small free standing signs. On November 12, 2003, Prime Locations filed an action styled "Complaint for Declaratory Judgment" in the Circuit Court for Shelby County. It filed an amended complaint (hereinafter, "complaint') on January 9, 2004. In its complaint, Prime Locations asserted that the City/County's zoning ordinances relating to billboards, as amended, are inconsistent with State law. Prime Locations asserted that it had applied for building permits to expand the size and height of certain outdoor advertising signs, and that its applications had been denied. It further asserted that on August 4, 2003, it received a letter from the City Manager of Shelby County and the City of Memphis advising it that no building permits would be granted for the purpose of expanding the signs. Prime Locations further asserted in its complaint that it had "made a previous application for the expansion of certain signs" that had been denied. It asserted that expansion of its nonconforming signs is permitted by Tennessee Code Annotated § 13-7-208(c), and that the City/County ordinances prohibiting expansion are inconsistent with the State statutes. Prime Locations prayed for a judgment declaring the City/County ordinances void; a judgment for damages arising from lost income and additional costs; costs, including attorney's fees; and prejudgment interest.

The City answered in March 2004, and the County filed its answer in May 2005. The City/County admitted Prime Locations had applied for building permits to expand the size and height of its signs within the municipal boundaries of Memphis and Shelby County, but

---

[3]Final judgment was entered in the matter on March 1, 2011. In its "Supplemental Final Judgment," the trial court denied the City's prayer for attorney's fees and third motion for sanctions.

denied the remaining allegations. The City asserted, as an affirmative defense, that Prime Locations had failed to exhaust administrative remedies in compliance with Tennessee Code Annotated § 4-5-225, and that Prime Locations had failed to comply with the Administrative Procedures Act codified at Tennessee Code Annotated § 29-9-101, *et seq*. It asserted that Prime Locations' action was time-barred as a result of its failure to timely seek review of the August 4, 2003, denial of its application within the applicable sixty (60) day limitations period. The City further asserted that the relief sought by Prime Locations in its declaratory judgment action was the same relief that would have been available on review by writ of certiorari from the denial of its permit application by the administrative board. It further asserted that Prime Locations lacked standing to challenge and collaterally attack the Memphis and Shelby County Joint Zoning Ordinance or the private acts. Shelby County denied Prime Locations' allegations; denied that it employed a City Manager and that the Charter sections identified in Prime Locations' complaint existed as alleged; and asserted that Prime Locations had failed to exhaust its administrative remedies and that the trial court, therefore, lacked jurisdiction over the matter.

After protracted litigation, the trial court entered final judgment in favor of the City/County, holding:

> This Court hereby issues a declaratory judgment that the protections to T.C.A. 13-7-208(b-d) apply to all existing signs currently owned, maintained or controlled by Prime Location at the time its permit application which gives rise to this litigation. However, Prime Location[s] is not entitled to a judgment that would allow it to expand, demolish, reconstruct, or construct new signs which are nonconforming, according to the current joint building ordinances and amendments enacted by Shelby County and City of Memphis governments.

On appeal, Prime Locations presents the following issues:

1.      Whether, after ruling that Prime Locations is afforded the protections of Tennessee Code Annotated § 13-7-208 for all of its existing signs, the trial court erred in its application of a 1921 building ordinance instead of the challenged 1999 sign ordinance in making its determination that Prime Locations, Inc. is not entitled to a judgment which would allow it to expand, demolish or reconstruct signs which are deemed nonconforming.

2.      Whether the GTLA precludes a pursuit of damages for the enactment and enforcement of an ordinance specifically directed at violating state statutory law.

As noted above, on appeal the City/County renew their position that Prime Locations lacks standing to bring this lawsuit, and that the matter is not ripe for review. In its brief to this Court, the City cites *Thomas v. Shelby County* for the proposition that the injury complained of by Prime Locations is the denial of a building permit by the Office of Construction Code Enforcement ("OCCE"), and that the correct procedure was first to appeal to the Memphis and Shelby County Board of Adjustment ("the Board"), and then, assuming denial by the Board, by writ of certiorari to the trial court. Prime Locations, on the other hand, asserts that the facts of this case are distinguishable from *Thomas* because it did not appeal denial of a permit to the Board, but initiated this declaratory judgment action to challenge the Memphis and Shelby County zoning ordinance. We turn first to the City/County's argument that this matter should be dismissed on the grounds of standing and ripeness.

We agree with the City/County that this case is procedurally nearly identical to *Thomas*, with the notable exception that Prime Locations effectively sought to skirt the appeal process entirely. In its complaint, Prime Locations asserted:

22.      Prime Locations avers that Shelby County and the City of Memphis has failed and refused to issue a building permit in violation of said statute and requests this Court to require that Shelby County and the City of Memphis to do so.

23.      Prime Locations avers that it is entitled to a building permit and is further entitled to expand the signs to the size and dimensions as set forth in the application under the terms of the above referenced statute and existing case law and request this Court to declare the rights and responsibilities of the parties under this statute.

As in *Thomas*, the sole injury complained of in Prime Locations' declaratory judgment action is the denial of its applications for building permits. Denial of a permit by the OCCE may be appealed to the Board, and ultimately to the circuit court within the limitations periods permitted by the Administrative Procedures Act. Certainly, a writ of certiorari to the circuit court may include a complaint for declaratory judgment. However, like the Plaintiff in *Thomas*, Prime Locations may not circumvent the appeal procedures outlined in the Administrative Procedures Act by failing to appeal the OCCE's actions within the prescribed

-5-

period and subsequently filing an action styled as one for a declaratory judgment in the circuit court.

We stated in *Thomas v. Shelby County*, No. W2010–01472–COA–R3–CV, 2011 WL 3558171 (Tenn. Ct. App. Jul. 21, 2011):

> The doctrines of justiciability, including standing, ripeness, and the prohibition against advisory opinions guide the courts in deciding whether a particular action presents a legal controversy. *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam County*, 301 S.W.3d 196, 203 (Tenn. 2009)(citing compare 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3529, at 612 (3d ed.2008) ..., with Barbara Kritchevsky, Justiciability in Tennessee, Part One: Principles and Limits, 15 Mem. St. U.L.Rev. 1, 3 n. 5 (1984)). It is well-settled that the role of the court is to adjudicate and settle legal rights, not to give abstract or advisory opinions. *Id*. (citations omitted). A matter qualifies as a "legal controversy" when and if there exists a real and disputed issue. *Id*. Theoretical or abstract questions do not constitute a legal controversy. *Id.* Rather, a there must be a real dispute "between parties with real and adverse interests." *Id*. The determination of whether a matter is ripe for review involves a determination of "'whether the harm asserted has matured sufficiently to warrant judicial intervention[.]'" *American Civil Liberties Union of Tennessee v. Darnell*, 195 S.W.3d 612, 620 n. 7 (Tenn.2006)(quoting *Warth v. Seldin*, 422 U.S. 490, 499 n. 10, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Accordingly, the courts will not address an issue that is not ripe for review. *City of Memphis v. Shelby County Election Com'n*, 146 S.W.3d 531, 539 (Tenn. 2004). Although a showing of present injury is not required in a declaratory judgment action, a real "case" or "controversy" must nevertheless exist. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 837–38 (Tenn.2008). A lawsuit brought as a declaratory judgment action may be dismissed for lack of ripeness. *Id.*
>
> The doctrine of standing is used by the court to determine whether a plaintiff is "properly situated to prosecute the action." *Marceaux v. Sundquist*, 107 S.W.3d 527, 531 (Tenn. Ct. App. 2002) (quoting *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976)). In order to establish standing, a party must demonstrate (1) that it has suffered an injury which is "distinct and palpable," (2) a causal connection between that injury and the conduct complained of, and (3) "that a favorable decision will redress that injury." *Id*. (citations omitted). "These elements are indispensable to the plaintiff's

case[.]" *Id.*

*Id*. at *3.

In this case, absent the OCCE's denial of its building permit applications, Prime Locations has forwarded no palpable injury, and no live controversy exists between the parties. In the absence of an injury or live controversy, Prime Locations lacks standing to assert the declaratory judgment action. As in *Thomas*, with respect to the likelihood of an injury in the future by reason of a potential additional permit denial, that matter is not ripe for review.

### *Holding*

In light of the foregoing, we affirm entry of a judgment in favor of the City of Memphis and Shelby County, but do so on the grounds of standing and ripeness. In so holding, we emphasize that a party may not circumvent the requisites of the Administrative Procedures Act by failing to appeal an administrative decision as provided by the statute, and then seek redress in an action styled as one for declaratory judgment and filed beyond the limitations period. Where the only injury suffered arises from the OCCE's denial of a building permit, the proper mechanism for redress is that provided by the Administrative Procedures Act. The issues raised by Prime Locations in its brief are pretermitted in light of this Opinion. The City/County's assertion that the trial court erred by failing to hold that, under the Governmental Tort Liability Act, they are immune from Prime Locations' claim for damages is likewise pretermitted as advisory. Costs of this appeal are taxed to the appellant, Prime Locations, Inc., and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE