IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 25, 2012 Session

# IN RE $1,683.05 DEPOSITED IN ATTORNEY'S TRUST ACCOUNT

**Appeal from the Chancery Court for Davidson County**
**No. 11-419-III     Ellen H. Lyle, Chancellor**

_____

**No. M2011-02079-COA-R3-CV - Filed August 10, 2012**

_____

Attorney representing the husband in a divorce proceeding claimed a statutory lien on funds in his trust account to secure payment of his fee; the attorney filed a separate action seeking a determination of his rights to funds held in his trust account. The trial court dismissed the action for failure to state a claim. Finding that the court dismissed the case employing an erroneous legal standard, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., and BEN H. CANTRELL, SP. J., joined.

George E. Copple, Jr., Nashville, Tennessee, Pro Se.

John Lyons Meadows, Lebanon, Tennessee, for the Appellee, Valerie Manning.

**MEMORANDUM OPINION**[1]

George E. Copple, Jr., an attorney, represented Jesse Manning ("Husband") in a divorce action filed in Wilson County Circuit Court, and received cash retainers from

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

1

Husband totaling $8,000.00; the money was deposited into Mr. Copple's client trust account. Mr. Copple's representation of Husband lasted from July 16 to November 10, 2010, when he was discharged. Mr. Copple filed a motion to withdraw as well as a motion to intervene in the divorce case "for the limited purpose of protecting his own rights to his agreed attorney's fees in this case." On December 2, 2010, the court entered an order granting the motions to withdraw and to intervene; the court reserved "the issue of Mr. Copple's attorney fee and of the use and distribution of the funds in his trust account" for trial. Valerie Manning ("Wife") filed a motion to reconsider the court's allowance of intervention and on December 7, the court entered an order granting Wife's motion. The order provided further that $5,858.00 of the funds remaining in Mr. Copple's trust account would be placed in the account of Husband's new attorney and that Mr. Copple "may hold $2,142.00 in his trust account for purposes of his attorney fee claim against Plaintiff/Counter-Defendant."

The court entered a Final Decree of Divorce on January 3, 2011. The court found that the marital property available for division at the time of the divorce included cash totaling $38,082.09, of which Wife was entitled to $19,041.05. The court found that Wife had received $17,358.00 of that amount, leaving a shortfall of $1,683.05 "from the court's division of the cash assets." The court ordered Mr. Copple to pay Wife the $1,683.05 from the funds in his trust account.[2]

On March 29, 2011, Mr. Copple filed a complaint in Davidson County Chancery Court seeking a judicial determination of his rights to the $1,683.05 in his trust account. Wife filed a motion to transfer Mr. Copple's complaint to Wilson County Circuit Court, to dismiss the complaint, or for a summary ruling requiring Mr. Copple to comply with the Final Decree of Divorce.[3] Mr. Copple filed a response to Wife's motion. On July 25, 2011, the Davidson County Chancery Court entered an order and memorandum dismissing Mr. Copple's complaint for failure to state a claim. The court held that Mr. Copple's lien "for work he performed for Mr. Manning is subordinated to the allocation to the Wife, by the Wilson County Court, of the $1,683.05 in marital funds located in Attorney Copple's Trust Account" and that, because of the subordination of the lien, Mr. Copple had no property interest in the money located in his trust account upon which to premise a due process claim. The court also held that the claimed lien only attached to funds awarded to or recovered by Husband and not to the funds awarded to Wife.

---

[2] The court also found that Husband had "secreted the marital money, even though approximately 90% of the money in the checking and savings accounts was Wife's separate inheritance," withdrew money from the marital accounts without Wife's permission, and had refused to provide an accurate accounting of marital funds.

[3] The motion was styled "Motion to Transfer Attorney Copple's Complaint to Wilson County Court, Dismiss Attorney Copple's Complaint, or a Summary Ruling that Attorney Copple Must Honor the Wilson County Circuit Court's Ruling in the Underlying Divorce Proceeding."

Mr. Copple appeals, and asserts that the trial court erred by:

dismissing, at the pleading stage, a complaint alleging that the Plaintiff had been deprived by another court of $1,683.05 in funds subject to a statutory attorney's lien, without making the Plaintiff a party, or serving him with a pleading or summons, or giving him an opportunity to be heard and defend against the adjudication of his lien and property.

DISCUSSION

Mr. Copple's complaint was dismissed for failure to state a claim pursuant to Tenn. R. Civ. P. 12.02(6). Such a motion admits the truth of all of the relevant and material averments contained in the complaint, *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997), and challenges the legal sufficiency of the allegations to state a claim for relief. *Marceaux v. Sundquist*, 107 S.W.3d 527 (Tenn. Ct. App. 2002). Accordingly, a court considering a Rule 12.02(6) motion "must construe the complaint in favor of the plaintiff, accept the allegations of fact as true, and deny the motion unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief." *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). When this Court reviews the dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must take the factual allegations contained in the complaint as true and review the trial court's legal conclusions *de novo* without affording those conclusions any presumption of correctness. *Marceaux*, 107 S.W.3d 527, 531. Considered against this standard, we have determined that the complaint should not have been dismissed.

The complaint filed in Chancery Court was an effort to collaterally attack the Circuit Court judgment. Mr. Copple's complaint asserted that the Circuit Court had no jurisdiction over him and, consequently, the order that he pay over funds in his trust account to Wife was "in violation of his rights not to be deprived of his property without due process of law"; he also asserted that the funds in his trust account were subject to the lien available to him at Tenn. Code Ann. § 23-2-102. He sought "a judicial determination adjudicating his rights to the $1,683.05 in his trust account."

Under the facts alleged, which we must accept as true, the judgment against him and order that he pay funds in his trust account over to Wife was void and unenforceable. One of the basic principles of American law is that a person is not bound by a judgment *in personam* rendered in an action to which the person is not a party. *Pennoyer v. Neff*, 95 U.S. 714 (1877); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Tennessee courts have consistently recognized and applied this principle. *Burnette v. Sundeen*, 152 S.W. 3d 1, 5 (Tenn. Ct. App. 2004); *Phillips v. State Bd. of Regents*, 863 S.W.2d 45, 50 (Tenn. 1993). The Wilson County Circuit Court had no jurisdiction over Mr. Copple, having reconsidered its earlier order allowing him to intervene in the action.

Mr. Copple erred, however, in asserting that the funds in his trust account were subject to the lien available to him at Tenn. Code Ann. § 23-2-102; rather, the lien he claimed was a common law retaining lien, which is "a possessory lien . . . that permits a lawyer to retain a client's . . . money coming into his or her possession during the course of the representation until the attorney and client have settled their fee dispute or until the client has otherwise posted appropriate security for the outstanding fee." *Starks v. Browning*, 20 S.W.3d 645, 650 (Tenn. Ct. App. 1999). In contrast, the lien at Tenn. Code Ann. § 23-2-102 "attaches to any proceeds flowing from a judgment, as long as the lawyer worked to secure the judgment for the client." *Id.*

Construing the allegations of the complaint most favorably to Mr. Copple, he has stated a claim for the trial court to declare what rights he has to the funds in his trust account; we make no determination of any issue in that regard.

We have observed that Jesse Manning, Mr. Copple's former client and the husband in the Wilson County divorce action, has not been served and is not a named party in this *in rem* action. Rule 19.01 of the Tennessee Rules of Civil Procedure provides:

> A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

The rule "is designed to protect the interests of absent persons as well as those already before the court from multiple litigation and inconsistent judicial determinations." *Citizens Real Estate & Loan Co., Inc. v. Mountain States Dev. Corp.*, 633 S.W.2d 763, 766 (Tenn. Ct. App. 1981) (citing 7 Wright & Miller, Federal Practice and Procedure, § 1602).

As this court observed in *Baker v. Foster*, No. W2009–00214–COA–R3–CV, 2010 WL 174773, at *4 (Tenn. Ct. App. Jan. 20, 2010),

> [T]he language of Rule 19 is mandatory and directive; one who is an indispensable and necessary party "*shall* be joined as a party." Tenn. R. Civ. P. 19.01 (emphasis added). The requirement of joinder of indispensable and

4

necessary parties "appears absolute and inflexible," and applies to both trial courts and appellate courts. *Pope v. Kelsey*, No. 86–17–II, 1986 WL 6564, at *2 (Tenn. Ct.App. June 13, 1986), no perm. app. (quoting *Glickauf v. Moss*, 23 Ill. App.3d 679, 320 N.E.2d 132, 135–316 (Ill.1974)). When an indispensable and necessary party has not been joined, neither the trial court nor the appellate court may proceed further with the matter. *Id.* The parties are of course obliged to bring to the court's attention the necessity of such a joinder; however, even if the parties fail to do so, the trial court or even the appellate court must sua sponte enforce this principle of law. *Id.* (quoting *Glickauf*, 320 N.E.2d at 135–36).

We likewise make no determination as to whether Jesse Manning is or is not an indispensable party. Nevertheless, we believe the trial court, Mr. Copple and Valerie Manning should address the issue before proceeding on the merits of the case.

CONCLUSION

For the foregoing reasons, the judgment of the Chancery Court for Davidson County is reversed and the case remanded for further proceedings.

_____
RICHARD H. DINKINS, JUDGE