IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 14, 2019 Session

## RANDY LYNN SIMPKINS v. JOE WARD ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 2010-CV-4248  Deanna B. Johnson, Judge**

_____

### No. M2018-01327-COA-R3-CV
_____

This appeal involves a boundary dispute.  In resolving the dispute, the trial court made specific findings about the location of a non-party's border, indicating that it was coterminous with the disputed northern border of Mr. Simpkins, who is a party to this case.  Finding this non-party to be a necessary party based on the record, we vacate the trial court's order and remand for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Andrew Mills and Hilary H. Duke, Dickson, Tennessee, for the appellant, Randy Lynn Simpkins.

T. Larry Edmondson and Thomas F. Bloom, Nashville, Tennessee, for the appellees, Joe Ward and Mike Ward,

Tommy E. Doyle, Linden, Tennessee, for the appellees, John Marrs, Keith Marrs, Chad Marrs, and d/b/a Marrs Logging.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The present case concerns a dispute over real property. Litigation was commenced by Randy Simpkins in October 2010 when he filed suit against Joe Ward, Mike Ward, John Marrs, Keith Marrs, and Chad Marrs. According to the filed petition, the Wards had entered into a contract with the Marrses to harvest timber on Mr. Simpkins' property. Mr. Simpkins alleged that approximately twelve acres of timber had ultimately been harvested from his property, and he sought to hold the respondents jointly and severally liable. Mr. Simpkins averred that the Wards were aware that the property from which the timber was harvested belonged to him, and he claimed that the Marrses knew, or should have known upon a reasonable investigation, that the Wards had no ownership interest in the harvested timber.

The property dispute later went to trial, and thereafter, the trial court made a number of findings in its "Memorandum and Order," ultimately holding in favor of the Wards based on adverse possession. When the matter came before us at the oral argument of this appeal, we expressed concern that an adjoining landowner referenced in the record, Mr. Heatherly, was not joined as a necessary party in the trial court. Having further reflected on the issue, we are of the opinion that Mr. Heatherly's non-joinder presents an impediment to our oversight of this case at this time.

Our concern pertaining to Mr. Heatherly is grounded in the dictates of Rule 19 of the Tennessee Rules of Civil Procedure. Under that Rule:

> A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

Tenn. R. Civ. P. 19.01.

Our specific cause for concern here lies in a number of statements in the record pertaining to Mr. Heatherly's property, including the following findings from the trial court's order:

> [T]he most important boundary here is the Heatherly property. Mr. Heatherly was neither a party nor a witness to this case, but both experts testified that they believe his property boundary is correct. After taking this

testimony and the Heatherly survey into account, it is clear that Mr. Heatherly's southern border is the same as Mr. Simpkins' northern border.

As evident above, the trial court has, among other things, made specific declarations and findings as to the location of the southern boundary of Mr. Heatherly's property. In our view, this makes Mr. Heatherly a necessary party. Although the parties had not previously raised this point, we are not at liberty to ignore it. As we explained in a prior appeal:

> The requirement of joinder of indispensable and necessary parties "appears absolute and inflexible," and applies to both trial courts and appellate courts. *Pope v. Kelsey,* No. 86-17-II, 1986 WL 6564, at *2 (Tenn.Ct.App. June 13, 1986), *no perm. app.* (quoting *Glickauf v. Moss,* 23 Ill.App.3d 679, 320 N.E.2d 132, 135-316 (Ill.1974)). When an indispensable and necessary party has not been joined, neither the trial court nor the appellate court may proceed further with the matter. *Id.* The parties are of course obliged to bring to the court's attention the necessity of such a joinder; however, even if the parties fail to do so, the trial court or even the appellate court must *sua sponte* enforce this principle of law. *Id.* (quoting *Glickauf,* 320 N.E.2d at 135-36).
>
> Persons whose real property interests may potentially be affected by a trial court's ruling have consistently been recognized as indispensable and necessary parties. *See Roberts v. England,* No. M1999-02688-COA-R3-CV, 2001 WL 575560, at * 2 (Tenn.Ct.App. May 30, 2001), *no perm. app.* (citing *Citizens Real Estate & Loan Co., Inc.,* 633 S.W.2d at 764-66; *Lee v. Brown,* No. 89-230-II, 1989 WL 147497, at *1 (Tenn.Ct.App. Dec.8, 1989), *no perm. app.; Stuart v. City of White Pine,* No. 57, 1988 WL 86585 (Tenn.Ct.App. Aug.19, 1988), *no perm. app.; St. Clair v. Evans,* No. 829, 1988 WL 102767, at *2 (Tenn.Ct.App. Oct.6, 1988), *aff'd on app. after remand,* 872 S.W.2d 49 (Tenn.Ct.App.1993); *Carpenter v. Yount,* No.14, 1986 WL 10150, at *3-4 (Tenn.Ct.App. Sept.19, 1986), *no perm. app.*).
>
> In *Roberts,* the Court noted that the appropriate inquiry to determine if an adjoining landowner is an indispensable and necessary party is "whether any resolution of the issues presented in the lawsuit *could have* affected" the adjoining landowner's real property interest, not whether the trial court's final ruling actually affected the adjoining landowner. *Id.* at *4 (emphasis added). Thus, the joinder should occur when there is some indication in the record that an identifiable landowner exists whose interests might be affected by the lawsuit, even if it appears likely that the third party landowner might agree with the trial court's judgment. *See id.* at *3 (citing *Lee,* 1989 WL 147497, at *1; *St. Clair,* 1988 WL 102767, at *2).

*Baker v. Foster*, No. W2009-00214-COA-R3-CV, 2010 WL 174773, at *4–5 (Tenn. Ct. App. Jan. 20, 2010).

"In cases in which the appellate court has found that an adjoining landowner is an indispensable and necessary party and was not joined in the proceedings below, the appellate court has vacated the judgment of the court below and remanded the case with instructions to ensure that all proper parties are joined before a final determination is made of the property owners' rights." *Id.* at *5. Consistent with this prior practice, we hereby vacate the trial court's judgment and remand with instructions that Mr. Heatherly, and any other adjoining landowners whose property rights may be affected, be joined before a final determination is made in this matter. "The purpose of the remand is not for a trial *de novo*; rather, the purpose is to join the absent third parties and give them the opportunity to present new evidence as deemed necessary by the trial court." *Id.*[2]

## CONCLUSION

In light of the above discussion, the judgment of the trial court is hereby vacated, and the case is remanded for such further proceedings as are necessary and consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE

---

[2] In addition to the Rule 19 issue, there appears to be a potential jurisdictional concern to our appellate oversight of the merits of this case. In an order entered on November 8, 2011, the trial court specifically reserved an issue of sanctions against the Wards. It is unclear to us from our review of the record whether this reserved issue has been definitively adjudicated. Assuming it has not, this alone would technically prevent our appellate oversight at this time. Indeed, under Rule 13(b) of the Tennessee Rules of Appellate Procedure, we are required, as an initial matter, to consider whether we have subject matter jurisdiction to adjudicate an appeal. Except as otherwise provided, our subject matter jurisdiction is limited to final orders. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). An order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final. *See In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). A final judgment is one that resolves all the issues in the case, leaving nothing else for the court to do. *Id.* (citation omitted). If an issue is reserved, as appears to be the case regarding potential sanctions against the Wards in this matter, there is still something further for the court to do. Incident to its joinder of Mr. Heatherly on remand, the trial court should also dispose of the reserved sanctions issue if it has not already done so.